515 So.2d 1278 (1987)
Sharon PAIT, Petitioner,
v.
FORD MOTOR COMPANY, Respondent.
No. 69917.
Supreme Court of Florida.
December 3, 1987.
James B. Tilghman, Jr. of Stewart, Tilghman, Fox & Bianchi, P.A., and James C. Blecke, Miami, for petitioner.
Sharon Lee Stedman of Rumberger, Kirk, Caldwell, Cabaniss & Burke, Orlando, John M. Thomas, Office of the General Counsel, Ford Motor Co., Dearborn, Mich., and Edward T. O'Donnell of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, for respondent.
Wayne Hogan of Brown, Terrell, Hogan & Ellis, P.A., Jacksonville, amicus curiae for The Academy of Florida Trial Lawyers.
Jack W. Shaw, Jr. of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, amicus curiae for Florida Defense Lawyers Ass'n.
Joseph C. Segor, Melvin A. Rubin, and Jerry B. Schreiber, Miami, amicus curiae for Robert P. Wallis.
Jaime D. Liang of Field, Granger, Santry & Mitchell, P.A., Tallahassee, amicus curiae for Albert B. Verhine, Jr., a minor, A. Brennis Verhine, his legal guardian, and A. Brennis Verhine and Glenda L. Verhine, individually.
GRIMES, Justice.
Pursuant to article V, section 3(b)(4) of the Florida Constitution, we review the decision of the Fifth District Court of Appeal upon questions certified to be of great public importance. Pait v. Ford Motor Co., 500 So.2d 743 (Fla. 5th DCA 1987).
Sharon Pait's husband was killed on July 22, 1984, while operating a tractor manufactured and delivered more than twelve years earlier by Ford Motor Company. In affirming the dismissal of her wrongful *1279 death action against Ford predicated upon a theory of product liability, the district court of appeal certified the following questions:
I. WHETHER THE LEGISLATIVE AMENDMENT OF SECTION 95.031(2), FLORIDA STATUTES (1985), ABOLISHING THE STATUTE OF REPOSE IN PRODUCT LIABILITY ACTIONS, SHOULD BE CONSTRUED TO OPERATE RETROSPECTIVELY TO A CAUSE OF ACTION WHICH ACCRUED BEFORE THE EFFECTIVE DATE OF THE AMENDMENT?
II. IF NOT, WHETHER THE DECISION OF PULLUM V. CINCINNATI, INC., 476 So.2d 657 (FLA. 1985) WHICH OVERRULED BATTILLA V. ALLIS CHALMERS MANUFACTURING COMPANY, 392 So.2d 874 (FLA. 1980) APPLIES SO AS TO BAR A CAUSE OF ACTION FOR WRONGFUL DEATH THAT ACCRUED AFTER THE BATTILLA DECISION BUT BEFORE THE PULLUM DECISION?
Pait, 500 So.2d at 744. We answer the first question in the negative and the second question in the affirmative.
Our ruling is premised upon the authority of Melendez v. Dreis & Krump Manufacturing Co., 515 So.2d 735 (Fla. 1987). However, by supplemental memoranda, the parties addressed the question of whether the rationale of Melendez, which was a personal injury action, is also applicable to a wrongful death action. We find the instant case indistinguishable from Melendez because in both instances the cause of action did not arise until after twelve years had elapsed from the date of the sale or delivery of the allegedly defective product.
While in Nissan Motor Co. v. Phlieger, 508 So.2d 713 (Fla. 1987), we upheld a wrongful death action filed more than twelve years after the sale of the product, we emphasized that at the time of the decedent's death, the twelve-year period of the statute of repose had not run. As we noted, "Mr. Phlieger had a right to maintain an action against Nissan at the time of his death; and thus, Mrs. Phlieger, acting as his personal representative, had a statutory right to bring an action based on injuries suffered by Mr. Phlieger's survivors as a result of his death." Id. at 715. In the instant case, Mr. Pait had no right to maintain an action against Ford at the time of his death, and thus Mrs. Pait, acting as his personal representative, had no right to bring this wrongful death action.
Accordingly, the decision of the district court of appeal is approved.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.