**Alan CRISMAN, Individually and in his Representative Capacity, Appellant,**

v.

**COOPER INDUSTRIES, d/b/a Gardner–Denver Co., Appellee.**

**No. 05–87–00119–CV.**

Court of Appeals of Texas, Dallas.

March 11, 1988.

Rehearing Denied April 13, 1988.

John H. Cochran, Dallas, for appellant.

C. Michael Moore, Thomas E. Shaw, Dallas, for appellee.

Before WHITHAM, McCLUNG and STEWART, JJ.

STEWART, Justice.

Alan Crisman, individually, in his capacity as executor of the Estate of Mary Crisman, deceased, and as next friend of their minor children, (appellant) appeals from the trial court's judgment dismissing this cause of action against Cooper Industries, Inc., appellee. By his cause of action, appellant alleges claims for strict products liability and wrongful death and seeks to recover actual and exemplary damages for the death of his wife, Mary Crisman. The trial court granted appellee's motion for summary judgment finding that Florida substantive law was applicable and, as a result, appellant's claims were barred pursuant to Florida's statute of repose. In five points of error appellant contends that: (1) Texas substantive law should be applied; the Florida statute of repose (2) is not applicable to Florida wrongful death actions; (3) has been amended and current law is applicable; (4) is procedural only; and (5) vio-lates the Texas Constitution's open courts guarantee. Concluding that Florida substantive law applies in this case and that Florida's statute of repose barred appellant's cause of action, we affirm.

This action arises from an automobile accident in Florida on May 19, 1984. Alan and Mary Crisman, and their daughter Emily, were traveling late at night on a Florida highway when their car collided with a pickup truck towing an air compressor trailer. The truck allegedly pulled out from a stopped position on the shoulder of the highway resulting in the collision and the death of Mary Crisman. Appellant alleges that the trailer was defectively designed and unreasonably dangerous because it was marketed without tail lights, stop lights, brake lights, turn signals or license plate lights. Appellee is the successor by merger to Gardner–Denver, the manufacturer of the trailer.

The trailer was manufactured in Quincy, Illinois, and was originally sold and distributed to Industrial Equipment and Marine (located in Florida) in March, 1963. At the time of the accident, the trailer was owned by Suwanee Block and Building Materials, Inc. (a Florida Corporation) and was in the control and possession of a Florida resident (the truck driver). Industrial Equipment, Suwanee Block and the truck driver are not parties to this action. Appellee claims that it has not had ownership, possession or control of the trailer since March, 1963.

Appellant is a resident of the state of Tennessee. Additionally, the deceased was a resident of Tennessee before her death. Appellee is incorporated under the laws of the state of Ohio, conducts business in Texas under the assumed name of Gardner–Denver and maintains its principal business office in Houston, Texas.

■ Appellee contends that the Florida statute of repose, as substantive law, bars appellant's products liability action because the accident in question occurred more than twelve years after the trailer was delivered to its original purchaser. Florida's statute of repose provides that actions for products liability must begin within twelve years after the completed product is delivered to

the original purchaser regardless of when the defect is discovered. FLA.STAT. § 95.031(2) (1981), *amended by*, 1986 Fla. Laws Ch. 86–272. A products liability action which is brought after the twelve year period "forms no basis for recovery because the statute prevents the accrual of a right of action." *Lamb v. Volkswagenwerk A.G.*, 631 F.Supp. 1144, 1147 (S.D.Fla. 1986). Thus, we agree with appellee that the Florida statute of repose defines substantive rights, and we overrule appellant's third point, contending that the statute is procedural.

Consequently, we next address appellant's fourth point of error which contends that the trial court erred in applying Florida substantive law. Under the "most significant relationship" test, appellant argues that the contacts and interests of Texas, pertinent to this cause of action, outweigh those of Florida and, as a result, Texas substantive law should apply. Inasmuch as neither party contends that the substantive law of Illinois, Ohio or Tennessee controls, we need not discuss the contacts, interests or applicability of the laws of these states. Instead, our inquiry is limited to whether Texas or Florida substantive law should apply. The choice of law decision as between the two will have a decisive impact on this case. As previously stated, Florida's statute of repose prevents the accrual of a right of action in this case; in contrast, Texas does not have a statute of repose which would bar appellant's claims.

The Texas Supreme Court adopted a new choice of law rule for application in tort actions in *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex.1979). The traditional doctrine of *lex loci delicti* which directed that the substantive law of the state where the injury or death occurred controls was rejected and replaced by the "most significant relationship" test found in sections 6 and 145 of the Restatement (Second) of Conflicts. *Id.;* RESTATEMENT (SECOND) OF CONFLICTS §§ 6, 145 (1971). The "most significant relationship" rule was later extended to cover all civil matters except those contract cases in which the parties have agreed to a valid choice of law

clause. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex.1984).

Appellant's cause of action arises under Texas' wrongful death statute which provides in pertinent part that an action for wrongful death of an out-of-state resident may be enforced in the courts of this State, although the cause of the death took place in a foreign state. Tex.Civ.Prac. & Rem. Code Ann. § 71.031(a) (Vernon 1987). In regards to choice of law, Texas' wrongful death statute directs that "[t]he court shall apply the rules of substantive law that are appropriate under the facts of the case." *Id.* at § 71.031(c). The Texas Supreme Court has interpreted this phrase to require a "most significant relationship" approach in a wrongful death action. *Total Oilfield Services, Inc. v. Garcia*, 711 S.W. 2d 237, 239 (Tex.1986); *Gutierrez v. Collins*, 583 S.W.2d 312, 317–18 n. 3 (Tex. 1979). Consequently, under both the wrongful death statute and under the *Duncan* rule governing civil matters generally, we must utilize a "most significant relationship" analysis in determining whether Texas or Florida substantive law applies in this case.

■ Application of the "most significant relationship" analysis does not turn on the number of contacts with one state, but more importantly on the qualitative nature of those contacts as affected by the policy factors set out in section 6 of the Restatement. *Gutierrez v. Collins*, 583 S.W.2d 312, 319 (Tex.1979). Section 6 contains the general principles involved in this type of analysis. It states:

§ 6 Choice-of-Law Principles

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include,

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests

of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6 (1971).

Section 145 lists the factual matters to be considered when applying the section 6 principles to a given case. It provides:

§ 145 The General Principle

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered. These contacts are to be evaluated according to their relative importance with respect to the particular issue.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145 (1971).

Concerning the first prong of the test, it is undisputed that the death occurred in Florida. Concerning the second prong, the conduct allegedly causing the injury is the design and manufacture of this trailer in 1963. The parties agree that the trailer was manufactured in Illinois. However, there is no evidence in the record concerning where the trailer involved in the accident was designed, and the only evidence concerning who is presently responsible for the design of products that are the same or similar to the trailer at issue is appellee's response to one of appellant's interrogatories. That response reveals that the manager of engineering and construction of products who is responsible for such design is located in Virginia. Further, the mere design or manufacture of a defective product is not actionable. To invoke the doctrine of strict liability in tort, the product producing injury or damages must enter the stream of commerce. *Armstrong Rubber Co. v. Urquidez*, 570 S.W.2d 374, 376 (Tex.1978). The undisputed evidence in this case shows that the allegedly defective product, the trailer, entered the stream of commerce in Florida. Thus, in applying this prong of the test, there is evidence that the trailer was manufactured in Illinois, there is no evidence that the trailer was designed in Texas or Florida, and there is evidence that the trailer entered the stream of commerce in Florida.

Concerning the third prong of the test, appellant and the children are residents of Tennessee, as was the deceased, and appellee is an Ohio corporation that maintains its principal place of business in Texas. However, the business conducted by appellee in Texas is completely unrelated to the appellant's cause of action, because the record reflects that the trailer was not manufactured in Texas, the record does not reflect that the trailer was designed in Texas, and the record reflects that the trailer did not enter the stream of commerce from or in Texas.

■ In applying the factual matters to be considered under section 145 of the Restatement (Second) of Conflict of Laws, "the rights and liabilities of the parties *with respect to an issue in tort* are determined by the local law of the state which, *with respect to that issue*, has the most significant relationship to the occurrence and the parties." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145(1) (1971) (Emphasis added). We conclude that the "issue in tort" between appellant and appellee in the present case is the design, manufacture, and placing in the stream of

commerce of the trailer. *See Webb v. Rodgers Machinery Manufacturing Co.,* 750 F.2d 368, 374 (5th Cir.1985) (where defense to products liability cause of action brought by Texas student for injuries incurred in Texas was that product was manufactured by predecessor company, trial court correctly applied California law because particular issue to be decided was that of liability of succeeding business entity and, with respect to that issue, all contacts occurred in California). Thus, we conclude that the fact that appellee conducts some part of its business, unrelated to the subject matter of the present claim, in Texas and maintains its principal place of business in Texas carries no weight in our determination of whether Texas or Florida substantive law is applicable to the strict product liability claim in the present case.

■ Moreover, in applying this prong of the test, we note that the deceased's surviving parents intervened in this case in the court below. Although they have not joined in this appeal, they were parties before the trial court. We conclude that the trial court was entitled to consider the residence of all the parties before it, including the intervenors, in determining which state has the more significant relationship to the occurrence and the parties. The intervenors are residents of Florida.

And finally, the fourth prong concerns the place where the parties' relationship, if any, is centered. We conclude that this prong is inapplicable in this case, because the opposing parties had no relationship between them prior to the accident. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS, § 145, comment on subsection (2), (1971).

In addition, we conclude that the contacts specifically set out in section 145 of the Restatement (Second) of Conflict of Laws are not the exclusive factors to be applied in determining which state has the most significant relationship to the parties and the applicable issues. We reach this conclusion because section 145 of the Restatement (Second) of Conflict of Laws provides that "contacts to be taken into ac-

count ... *include* " the listed factors, RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145(2) (1971) (Emphasis added), thus implying that other significant factors may properly be considered by the trial court.

Another factor that the trial court properly could have considered concerns an element of appellant's cause of action for strict product liability. As part of a plaintiff's cause of action for strict product liability, the plaintiff must show that the product reached plaintiff without substantial change. *Fort Worth Steel and Machinery Co. v. Norsworthy,* 570 S.W.2d 132, 135 (Tex.Civ.App.—Tyler 1978, writ dism'd); *see also* RESTATEMENT (SECOND) OF TORTS § 402A(1)(b) (1965). Thus, in the present case, we conclude that appellant must show that the trailer reached him without substantial change. In order to make such a showing, appellant must necessarily produce proof concerning the condition of the trailer which, under the record before us, has been at all times, and continues to be, in Florida.

■ Having analyzed the contacts to be considered under section 145 of the Restatement (Second) of Conflict of Laws, we turn to the policy matters to be considered under section 6 of the Restatement (Second) of Conflict of Laws.

Regarding the needs of the interstate and international systems, appellant maintains that interstate commerce needs to be protected from the marketing of dangerously defective goods to consumers and that Texas has a greater interest than Florida in regulating goods designed within Texas, in policing Texas businesses who distribute defective goods across state lines, and in providing a forum where those who have been seriously harmed by a manufacturer's conduct may secure redress. However, as we have noted, appellant has produced no summary judgment evidence that the trailer was designed in Texas. We conclude that Florida has a greater interest in this trailer because it was originally sold in Florida and only used there. Further, both Texas and Florida have adopted section 402A of the Restatement of Torts;

hence, both states espouse a public policy against placing defective products into the stream of interstate commerce. Finally, there is no evidence that Florida has any less interest than Texas in providing a forum for those who have been injured by a manufacturer's conduct.

As to the relevant policies of the forum, appellant first argues that Texas has a greater incentive and ability to police the stream of interstate commerce springing from Texas soil and in policing and regulating the conduct of a manufacturer authorized to do business under Texas law and operating as a nerve center to produce dangerously defective goods. We disagree. The trailer was placed in the stream of commerce in Florida and was manufactured in Illinois. There is no evidence that Texas is or has been the "nerve center" of Gardner–Denver. Although a Texas court may be the proper forum in which to try a wrongful death action based on acts or omissions committed elsewhere under section 71.031 of the Texas Civil Practice and Remedies Code, Texas must apply the law of the jurisdiction which has the most significant relationship to the case. Tex.Civ.Prac. & Rem.Code § 71.031(c) (Vernon 1986). Thus, Texas has not shown any interest through section 71.031 in subjecting a defendant to suit in Texas by foreign citizens merely because it conducts some part of its business, unrelated to the subject matter of the suit, in Texas. The "most significant relationship" test is not met simply because there is a basis for personal jurisdiction over the defendant in a given state.

Next, appellant argues that Florida has no governmental interest in this action because no Florida resident or domiciliary was injured and because the Florida legislature has no reason to be concerned with the application of its statute to a Texas suit to cut off a claim against a Texas corporation. Appellee responds that, to the contrary, Florida has a compelling policy interest in applying its laws to this action because Florida has the greater interest in regulating products sold in Florida to Florida residents and in controlling the operation of vehicles on its highways. In addi-

tion, appellee asserts that by enacting the statute of repose, the Florida legislature expressed a specific policy concern in the area of products liability.

The Florida statute of repose was enacted to encourage diligence in the prosecution of claims, eliminate the potential abuse of stale claims, and ultimately foster certainty and finality in liability. *Lamb v. Volkswagenwerk A.G.*, 631 F.Supp. 1144, 1147 (S.D.Fla.1986). The statute of repose specifically concerns *products. See* FLA. STAT. § 95.031(2) (1981). Thus, Florida continues to have an interest in preventing stale claims and fostering certainty and finality concerning liability for those products where the products are in the stream of commerce of Florida.

Concerning the policy of justified expectations, appellant argues that appellee should justifiably expect to defend a claim against it in the state where it has its principal place of business and that appellant justifiably expected to be afforded an opportunity and a forum in which to seek redress for wrongs suffered. We have already addressed these arguments. The Texas wrongful death statute requires more than personal jurisdiction over the defendant and it only provides a forum for those plaintiffs who satisfy the most significant relationship test. In light of this statute, neither of these expectations urged by appellant would be justified.

Appellant also maintains that appellee is not justified in expecting to escape liability by the fortuity of the event occurring in Florida rather than Texas. Appellant overlooks the fact that his claim is based on an allegedly defective product, the trailer. It is not fortuitous that appellant's wife was killed by this trailer in Florida. The trailer at all times has been in Florida; appellant's wife could not have been killed by it in any other place.

Appellant further contends that basic policies of tort law support a justified expectation on the part of appellee that it must compensate victims harmed by defective goods that it sells. He relies on the tort policies that a loss must fall on the

party in the most favorable position to insure against its occurrence; that imposing liability provides self-policing incentives to manufacturers to produce nondefective goods and to protect innocent consumers against unreasonable hazards; and that imposing liability encourages non-complying manufacturers to remove and rectify unreasonably dangerous hazards which they have placed into the stream of commerce. Although we acknowledge that these basic policies of tort law support imposition of liability on manufacturers of defective products, these policies do not address the issue at hand, namely, *where* appellee should justifiably expect to defend against that liability. Consequently, they do not support a justified expectation on the part of appellee that it must defend in Texas against liability for a product manufactured in Illinois and sold and operated in Florida. Further, Texas cases requiring a manufacturer doing business in Texas to defend against product liability here have relied on more than basic tort policies in reaching their decisions. *See Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414 (Tex. 1984) (plane was placed in stream of commerce in Texas, one decedent lived in Texas, and release in issue was executed in Texas as settlement of a lawsuit filed in Texas); *Moorehead v. Mitsubishi Aircraft International, Inc.,* 639 F.Supp. 385 (E.D. Tex.1986) (accident occurred in Texas and defendant manufacturer was a Texas corporation); *Baird v. Bell Helicopter Textron,* 491 F.Supp. 1129 (N.D.Tex.1980) (aircraft manufactured in Texas).

On the other hand, appellee contends that it has a justified expectation that it will not be deprived of the vested right it has acquired under Florida law not to be sued in a product liability action based on a product it manufactured twenty-four years ago. We agree that appellee gained a vested right under the Florida statute of repose when it placed a product in Florida's stream of commerce, and thereafter, twelve years elapsed from the date of manufacture and shipment of the product to its original purchaser. After that time, appellee was protected from suit for claims arising from the design or manufacture of the trailer, regardless of whether the claim was asserted by a resident of Florida or a resident of Tennessee. Accordingly, we agree that appellee had a justified expectation that it could rely on its vested right under the Florida statute of repose not to be sued after twelve years elapsed from the date of manufacture of the trailer and shipment to its original purchaser.

Thus, we conclude that both the policy considerations expressed in section 6 of the Restatement (Second) of Conflict of Laws and the factual considerations expressed in section 145 of the Restatement (Second) of Conflict of Laws compel the conclusion that Florida has the more substantial relationship to the parties and issues in this lawsuit. Accordingly, we hold that the substantive law of the State of Florida should be applied to this claim, and we overrule appellant's fourth point of error. We turn, therefore, to an application of Florida's statute of repose.

■ At the time of the accident that gave rise to appellant's cause of action, section 95.031(2) of the Florida Statutes provided:

Actions for products liability ... under Section 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in Section 95.-11(3), but in any event *within 12 years after the date of delivery of the completed product to its original purchaser ... regardless of the date the defect in the product ... was, or should have been discovered.*

FLA.STAT. § 95.031(2) (1981) *amended by* 1986 Fla.Laws Ch. 86–272 (Emphasis added). The trailer that is the subject of this suit was manufactured and shipped to its original purchaser in 1963. Appellant argues, however, that Florida's statute of repose was held unconstitutional in *Battilla v. Allis Chalmers Manufacturing Co.,* 392 So.2d 874, 874 (Fla.1980) *before* the accident occurred. Appellant further ar-

gues that, although the Florida Supreme Court "receded" from *Battilla* in *Pullum v. Cincinnati, Inc.*, 476 So.2d 657, 659 (Fla. 1985) *appeal dism'd* 475 U.S. 1114, 106 S.Ct. 1626, 90 L.Ed.2d 174 (1986) and held the statute of repose constitutional, it did not do so until *after* the accident occurred. Thus, appellant contends that at the time of the accident, he had a "vested right" in his claim that was not barred by Florida's statute of repose. Alternatively, appellant argues that, because the Florida legislature has since amended section 95.031, deleting the statute of repose, the statute of repose is now inapplicable to his cause of action. We disagree with each of these contentions.

The following chronology will place appellant's arguments in perspective.

1963 – trailer manufactured and shipped to its original purchaser

1975 – twelve years elapsed from date of manufacture and shipment

1980 – statute of repose held unconstitutional–*Battilla*

1984 – accident occurred

1985 – *Battilla* decision "receded" from; statute of repose held constitutional–*Pullum*

May 1986–present suit filed

July 1986–effective date of amendment deleting statute of repose

■ Under Florida law, a wrongful death action can be maintained only if "the event would have entitled the person injured to maintain an action and recover damages if death had not ensued" and the defendant "would have been liable in damages if death had not ensued." FLA. STAT. § 768.19 (1981). The Florida Supreme Court has interpreted this language to mean that the moment of death is the time from which a cause of action for wrongful death is determined, *see Variety Children's Hospital v. Perkins*, 445 So.2d 1010, 1012 (Fla.1983), and, if at the moment of death, a cause of action for wrongful death arising from a product liability claim was prevented by the statute of repose, then the decedent's survivors likewise have no wrongful death cause of action. *Kirchner v. Aviall, Inc.*, 513 So.2d 1273 (Fla. App.1987). Therefore, but for the decision

in *Battilla*, Florida's statute of repose would have prevented appellant's cause of action from arising because, at the time of the accident and resulting death, more than twelve years had elapsed from the date of manufacture and shipment of the trailer to its original purchaser. *See Lamb*, 631 F.Supp. at 1147 ("a statute of repose does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action, from ever arising"). Consequently, we turn to appellant's argument that, because the accident occurred after *Battilla* but before *Pullum*, his cause of action was not prevented by Florida's statute of repose.

Recently, the Florida Supreme Court squarely addressed this issue in a personal injury case and rejected the argument appellant makes in the present case. In *Melendez v. Dreis and Krump Manufacturing Co.*, 515 So.2d 735, 736 (Fla.1987), the court held that, although "the *Pullum* decision was silent on the question of retroactivity," where the plaintiff's accident occurred beyond the twelve year period of the statute of repose, the *Pullum* decision holding the statute of repose constitutional applied retroactively so as to cut off the plaintiff's right of action. *Id.* at 736–37. The Florida Supreme Court subsequently made clear that the same holding applies in wrongful death actions predicated on a theory of product liability. *Pait v. Ford Motor Co.*, 515 So.2d 1278, 1279 (Fla.1987). Thus, we conclude that *Pullum*, holding Florida's statute of repose constitutional, operates retroactively where, as here, the accident giving rise to the cause of action occurred after the twelve year limitation contained in the statute of repose had expired.

■ Nor can we agree with appellant that the 1986 amendment to section 95.031 which deleted the statute of repose revived appellant's cause of action. The Florida Supreme Court rejected this argument in *Melendez* and *Pait* and held that, because there was no clear manifestation by the legislature that the amendment was to be applied retroactively, the elimination of the statute of repose could not retroactively

create a cause of action that could not come into existence before the amendment took effect. *Melendez,* 515 So.2d at 736; *Pait,* 515 So.2d at 1279. Thus, we conclude that the legislature's amendment to section 95.031 deleting the statute of repose did not operate to create appellant's previously prevented cause of action. We overrule appellant's first and second points of error.

In his fifth point, appellant argues that the Florida statute of repose violates the Texas Constitution's open courts guarantee. Tex. Const. Art. I, § 13. We disagree. We have already held that Florida substantive law applies in this case; consequently, the Texas Constitution does not govern this action. The Florida Supreme Court has already decided this issue adversely to appellant in the *Pullman* case, *supra.* Appellant's fifth point is overruled.

In summary, we hold that, under the "most significant relationship" test, the state of Florida has the more significant relationship to facts underlying appellant's cause of action. Consequently, we apply Florida's statute of repose to appellant's cause of action and hold that the statute of repose prevented what would have been appellant's cause of action from ever arising. Thus, we agree that the trial court properly dismissed appellant's claim. We affirm the trial court's judgment.