Kenneth L. PERRY, et ux, Appellant,

v.

AGGREGATE PLANT PRODUCTS CO. Appellee.

No. 04–89–00084–CV.

Court of Appeals of Texas, San Antonio.

Jan. 31, 1990.

Rehearing Denied March 19, 1990.

Richard N. Countiss, Rita M. Swanson, and Leon R. Russell, Law Office of Windle Turley, Dallas, for appellant.

Thomas H. Crofts, Jr. and Sharon Callaway, Groce, Locke & Hebdon, San Antonio, for appellee.

Before REEVES, CHAPA and BIERY, JJ.

## OPINION

CHAPA, Justice.

This is an appeal from a summary judgment. The dispositive issue before us is whether there is sufficient summary judg-ment proof that Indiana substantive law should be applied in accordance with Texas choice of law rules. We find that appellee has not sustained its burden and reverse.

### Factual Background

In August 1985, appellant Kenneth L. Perry, an Indiana resident, was injured when a wooden platform on which he was working collapsed. The wooden platform allowed workers to service and maintain auxiliary equipment mounted beneath an elevated cement silo. Appellee Aggregate Plant Products, a Texas company, designed and manufactured the silo in Texas. The silo had been delivered to appellant's em-ployer, Carmel Concrete Products Compa-ny, in Indiana in 1974, eleven years prior to the accident.

Appellant sued the appellee under a products liability theory in a Texas court in August 1987, alleging that the silo was "designed, manufactured and sold by the [appellee] without appropriate, safe access ladders and platforms to service the auxil-iary equipment."

Appellant's wife, also a resident of Indiana, joined the suit as a plaintiff, as-serting a claim for loss of consortium. La-ter, Indiana Insurance Company intervened in the case in order to be subrogated to appellant Kenneth Perry's rights.

Appellee filed a motion for summary judgment, contending that the Texas court was required to apply Indiana law, under which appellants' action would be barred by Indiana's ten year statute of repose. Summary judgment was granted in favor of appellee. Kenneth L. and Imelda Perry now appeal.

### Summary Judgment

The rules to be followed by an appellate court in reviewing a summary judgment record are set forth by the Texas Supreme Court as follows:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

In reviewing summary judgment evidence, it is well established that pleadings, even if verified, do not constitute summary judgment evidence. *Hidalgo v. Surety Savings and Loan Ass'n*, 462 S.W.2d 540, 545 (Tex.1971); *Pinckley v. Dr. Francis Gallegos, M.D.*, 740 S.W.2d 529, 534 (Tex.App.—San Antonio 1987, writ denied). As such, a motion for Summary Judgment is a pleading and may not be considered as summary judgment evidence, *Kendall v. Whataburger, Inc.*, 759 S.W.2d 751 (Tex.App.—Houston [1st Dist.] 1988, no writ) (citation omitted), nor is a response to summary judgment competent summary judgment evidence. *Rhodes v. Interfirst Bank Fort Worth N.A.*, 719 S.W.2d 263, 264 (Tex.App.—Fort Worth 1986, no writ).

However, depositions, interrogatories and admissions on file need not be formally introduced at the hearing on summary judgment to be considered as summary judgment evidence on appeal. *Able Finance Co. v. Whitaker*, 388 S.W.2d 437, 439 (Tex.Civ.App.—Tyler 1965, writ dism'd by agr.); TEX.R.CIV.P. 166a(c). Depositions, interrogatories and admissions are proper summary judgment evidence when referred to or incorporated in the Motion for Summary Judgment. *Stewart v. U.S. Leasing Corp.*, 702 S.W.2d 288, 290 (Tex.App.—Houston [1st Dist.] 1985, no writ), citing *First Federal Savings & Loan Ass'n v. Bustamante*, 609 S.W.2d 845, 849 (Tex.Civ.App.—San Antonio 1980, no writ).

The summary judgment proof in the present case shows that:

1. The appellee designed, manufactured and sold an elevated cement silo to Carmel Concrete Products Company, a company from Indianapolis, Indiana.

2. The silo was designed by the appellee's engineering department, located in San Antonio, Texas.

3. The silo was manufactured in San Antonio, Texas.

4. The appellee is located and registered to do business in the state of Texas.

5. Appellants Kenneth L. and Imadell Perry are residents and citizens of Indiana.

6. The injury to the appellant took place in Indiana, where the silo was located.

### Choice of Law

The "most significant relationship" test, as enunciated in Sections 6 and 145 of the Restatement (Second) of Conflicts, governs all conflicts cases sounding in tort. *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex.1979). Section 6 sets out the general principles involved in a "most significant relationship" analysis. Section 6 provides:

**§ 6 Choice of Law Principles**

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include,

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6 (1971).

The factual matters to be considered when applying the section 6 principles are listed in section 145 of the Restatement. Section 145 provides:

### § 145 The General Principle

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered. These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflict of Laws § 145 (1971).

In *Gutierrez v. Collins*, the court emphasized that application of the "most significant relationship" analysis should not turn on the number of contacts with a particular state, but more importantly on the qualitative nature of those contacts as affected by the policy factors which are set out in section 6 of the Restatement. *Gutierrez*, 583 S.W.2d at 319.

Application of Choice of Law Principles

First, we should apply the factual matters to be considered under section 145 of the Restatement (Second) of Conflict of Laws. It is undisputed that the injury occurred in Indiana to Indiana residents. ▇▇▇ Appellant alleges that the conduct causing the injury is the design, manufacture and sale of the silo. The summary judgment proof clearly shows that the silo was designed and manufactured in Texas. To invoke the doctrine of strict liability in tort, however, the product producing injury or damages must enter the stream of commerce. *Armstrong Rubber Co. v. Urquidez*, 570 S.W.2d 374, 376 (Tex.1978). Appellant contends that the silo was placed into the stream of commerce in Texas when

it was sold and delivered to appellees. Citing *Houston Lighting & Power Co. v. Reynolds*, 765 S.W.2d 784, 785 (Tex.1988), appellee, on the other hand, contends that because the silo was substantially changed when it was assembled in Indiana, it entered the stream of commerce in Indiana. *Houston Lighting* involves the question of when electricity enters the stream of commerce. Because the initial 35,000 volts of electricity introduced in the transmission lines had to be substantially changed by the transformers reducing the 35,000 volts to 110–220 volts, the court merely reiterated a previously announced rule and concluded that the electricity reached the consumer substantially changed:

> Strict product liability applies only if a product is expected to and does reach the user without substantial change in the condition in which it was sold. *Rourke v. Garza*, 530 S.W.2d 794, 798 (Tex.1975). Following this reasoning, even if HL & P could be considered to have sold the electricity when it was placed in the transmission lines, it would not reach the consumer in that same condition.

*Houston Lighting & Power Co.* at 785.

This is distinguishable from the case at bar in that, although there is summary judgment evidence in the case of installation work when the silo was installed, it is unclear whether the installation work substantially changed the silo itself, or merely made additions around the silo in the process of installing the silo. Appellee has failed to show clearly that the silo was expected to and did reach the user with substantial change in the condition in which it was sold and that, under the circumstances, the silo entered the stream of commerce in Indiana. The cause of action here clearly complains of the design and manufacture of the silo at the time of the sale and there is no complaint involving subsequent changes for which appellee may be liable, which would then make subsequent alterations relevant; this enures favorably to the application of Texas law.

While the invoice of appellee indicates that the silo was shipped F.O.B. Chicago, Illinois, it is unclear where the contract

was actually entered into. However, the appellee's Texas address is at the top of the invoice and any inference or doubt must be indulged and resolved in favor of the appellant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d at 549. Therefore, since the silo was designed and manufactured in Texas, the cause of action is directed at the design and manufacture of the silo, and valid summary judgment inferences favor a finding that the sale took place in Texas, it seems that Texas is the place where the conduct causing the injury occurred.

The summary judgment evidence shows appellants are residents of Indiana. Additionally, the evidence shows that appellee Aggregate Plant Products is located and registered to do business in the state of Texas.

Finally, we must determine where the relationship, if any, between the parties is centered. The relationship between the parties, if any, must center around the cause of action which is the "design, manufacture and [sale]" of the silo without proper safeguards. The summary judgment evidence clearly establishes that the design and manufacture of the silo was in Texas. Although the sale and entry into the stream of commerce is unclear from the summary judgment evidence, this must be resolved in appellant's favor. *Nixon* at 549.

As indicated earlier, "[t]he movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Nixon* at 548. The appellee here has failed in its burden.

Appellee relies on *Crisman v. Cooper Industries*, 748 S.W.2d 273 (Tex.App.—Dallas 1988, writ denied), to support its argument that the summary judgment was properly granted. Such reliance, however, is misplaced. In *Crisman*, the appellant, a resident of the State of Tennessee, sued the appellee in a Texas state court. Appellant sued individually, in his capacity as executor of the estate of his deceased wife, also a resident of Tennessee before her death, and as next friend of their minor children. The appellee was incorporated under the laws of the state of Ohio, conducted business in Texas and maintained its principal place of business in Texas. Appellant alleged claims of products liability and wrongful death and sought to recover damages for the death of his wife, arising from an automobile accident in Florida. The appellant and his family were traveling on a Florida highway when their car collided with a pickup truck towing an air compressor trailer. Appellant alleged that the trailer was defectively designed and unreasonably dangerous. Appellee was the successor by merger to the manufacturer of the trailer.

The trailer in question was manufactured in Quincy, Illinois and was originally sold and distributed to a Florida company. At the time of the accident, the trailer was owned by a Florida corporation and was in the control and possession of the truck driver, a Florida resident.

The appellee in *Crisman* contended that the Florida statute of repose, as substantive law, barred appellant's products liability action. In upholding the summary judgment, the Dallas Court of Appeals was presented with much clearer summary judgment evidence then we are presented with in the present case. In *Crisman*, the court stated that the "undisputed evidence" showed that the trailer entered the stream of commerce in Florida. *Crisman* at 277. Moreover, the court stated that "the business conducted by appellee in Texas is completely unrelated to the appellant's cause of action, because the record reflects that the trailer was not manufactured in Texas, the record does not reflect that the trailer was designed in Texas, and the record reflects that the trailer did not enter the stream of commerce from or in Texas." In contrast, the summary judgment evidence in the present case shows that the silo was manufactured and designed in Texas, that appellee is located and registered to do business in Texas and that Texas is the place where the conduct causing the injury occurred.

Considering the uncontroverted summary judgment evidence and the favorable inferences on behalf of the appellant, we conclude that appellee has failed at this

stage to show that Indiana substantive law applies as a matter of law.

The judgment is reversed and the cause remanded to the trial court.