**Larry D. WALLER, Plaintiff–Appellant,**

v.

**PITTSBURGH CORNING CORP.; John Crane, Inc.; Carlock, Inc.; Celotex Corporation: and Carey–Canada, Inc., Defendants–Appellees.**

**No. 90–3259.**

United States Court of Appeals, Tenth Circuit.

Oct. 21, 1991.

Desa A. Ballard of Ness, Motley, Loadholt, Richardson & Poole, P.A., Barnwell, S.C. (Paul H. Hulsey and Karl E. Novak of Ness, Motley, Loadholt, Richardson & Poole, P.A., Charleston, S.C., with her on the brief), for plaintiff-appellant.

Virginia M. Giokaris of Polsinelli, White, Vardeman & Shalton, P.C., Kansas City, Mo. (Dennis J. Dobbels with her on the brief), for defendant-appellee Pittsburgh Corning Corp.

James C. Morrow of Gordon N. Myerson, P.C., Kansas City, Mo., on the brief, for defendant-appellee John Crane, Inc.

Before SEYMOUR, BARRETT and BRORBY, Circuit Judges.

SEYMOUR, Circuit Judge.

This action seeks damages for personal injury suffered by Larry D. Waller allegedly as a result of his exposure to defendants' asbestos products. The district court granted defendants' motion for summary judgment upon concluding that the action was barred by the applicable Kansas statute of repose. *See Waller v. Pittsburgh Corning Corp.*, 742 F.Supp. 581 (D.Kan.1990). As discussed briefly below, we are in substantial agreement with the analysis and authorities relied on by the district court, and we therefore affirm.

■ This case was originally filed in the United States District Court for the Eastern District of Texas and subsequently transferred to the District Court of Kansas. It is clear that the choice-of-law rules of the transferor court, in this case the Texas rules, must be followed by the transferee court in ascertaining whether the action is barred. *See Ferens v. John Deere Co.*, 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990).

■ Plaintiff argues that Texas choice-of-law rules require the application of Texas statutes of limitations, which in this case would provide a two year period after accrual of the cause of action and under which the action would be timely. We disagree. In *Crisman v. Cooper Indus.*, 748 S.W.2d 273, 280 (Tex.Ct.App.1988), *writ of error denied* (Sep. 14, 1988), the Texas Court of Appeals held that a Florida statute of repose analogous to the Kansas statute of repose at issue here is a matter of substantive law. Upon determining under Texas choice-of-law rules that Florida substantive law applied to the claim in that case, the Texas court applied the Florida statute of repose and held the action barred. *Id.* at 280–81. The district court here held that the substantive law of Kan-

sas applies to this diversity action, and plaintiff does not challenge that ruling on appeal. Under Texas law as set out in *Crisman*, the Kansas statute of repose applies. *See* Kan.Stat.Ann. § 60–513(b) (Cum.Supp.1990). That statute provides that "in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action." *Id.*

■ The district court held that Waller's last exposure to asbestos occurred in 1976, and plaintiff does not argue to the contrary on appeal. The court then ruled the action barred by section 60–513(b). In so doing, the court held invalid as a matter of Kansas law an amendment to that provision, effective after this action was filed, purporting to revive actions which would otherwise be barred by operation of the statute. We agree. In *Jackson v. American Best Freight System, Inc.*, 238 Kan. 322, 709 P.2d 983, 985 (1985), the Kansas Supreme Court held that the vested right to a limitations defense cannot be taken away by a statute which provides for revival of an action barred prior to that statute's effective date. We are not persuaded by plaintiff's contention that Kansas would apply a different rule where, as here, the action is barred by a statute of repose rather than a statute of limitations.[1]

This case was filed on June 19, 1989. On that date, the ten-year statute of repose provided a complete defense to the action. The right to the defense provided by that statute was therefore vested. Accordingly, under Kansas law as articulated in *Jackson*, the subsequently enacted reviver statute, effective May 16, 1990, could not operate retroactively to defeat that vested defense.

Accordingly, the judgment is affirmed.

---

1. Statutes of limitation bar a claim after a time period that begins to run when the cause of action accrues. Statutes of repose, on the other hand, bar a claim after a period that is triggered by an arbitrary event unrelated to the accrual of

the cause of action. *See generally Menne v. Celotex Corp.*, 722 F.Supp. 662, 665–66 (D.Kan. 1989). Thus, as in this case, it is possible for a statute of repose to bar a claim before it has accrued.