515 So.2d 735 (1987)
Jose Luis MELENDEZ, Petitioner,
v.
DREIS AND KRUMP MANUFACTURING COMPANY, Respondent.
No. 70225.
Supreme Court of Florida.
October 15, 1987.
Rehearing Denied December 14, 1987.
Keith A. Truppman of Ress, Gomez, Rosenberg, Howland & Mintz, P.A., North Miami, for petitioner.
R. Fred Lewis of Magill & Lewis, P.A., Miami, for respondent.
GRIMES, Justice.
We review Melendez v. Dreis & Krump Manufacturing Co., 503 So.2d 365 (Fla. 3d DCA 1987), pursuant to article V, section 3(b)(4), Florida Constitution. In affirming a summary judgment for the respondent, the Third District Court of Appeal certified to this Court two questions as being of great public interest:
I. Should the legislative amendment of Section 95.031(2), Florida Statutes (1983), abolishing the statute of repose in product liability actions, be construed to operate retrospectively as to a cause of action which accrued before the effective date of the amendment?
II. If not, should the decision of Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), appeal dismissed, 475 U.S. 1114, 106 S.Ct. 1626, 90 L.Ed.2d 174 (1986), which overruled Battilla v. Allis Chalmers Mfg. Co., 392 So.2d 874 (Fla. 1980), apply so as to bar a cause of action that accrued after the Battilla decision but before the Pullum decision?
503 So.2d at 365-66. We answer the first question in the negative and answer the second question in the affirmative.
On May 10, 1982, the petitioner (plaintiff) was injured while operating an allegedly defective press-brake machine which had been sold and delivered to the original purchaser by the defendant on October 28, 1963. The plaintiff filed a product liability *736 action against the defendant on May 17, 1983. The trial court entered summary judgment for the defendant predicated on section 95.031(2), Florida Statutes (1983).
Section 95.031(2), Florida Statutes (1983), was a statute of repose which precluded actions based on products liability if they were brought more than twelve years after the product was sold. A statute of repose cuts off a right of action within a specified time limit after the delivery of a product or the completion of an improvement, regardless of when the cause of action actually accrues. Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978).
In this case, the press-brake machine was sold and delivered on October 28, 1963. Therefore, according to the terms of the statute, any product liability action predicated upon defects in the machine had to be commenced by October 28, 1975. The plaintiff was not injured by the machine until May 10, 1982, almost seven years beyond the twelve-year period of the statute of repose.
As noted in the first certified question, the legislature amended section 95.031(2) in 1986 so as to repeal the statute of repose in products liability actions. The plaintiff argues that the repeal of this statute should be applied retroactively because his case is still in the appellate process.
In addressing this argument, the cases which involve statutory changes to periods of limitations provide some insight. It is well settled that before a statute of limitations can be applied retroactively, there must be a clear manifestation of legislative intent that the statute be given retroactive effect. Homemakers, Inc. v. Gonzales, 400 So.2d 965 (Fla. 1981); Foley v. Morris, 339 So.2d 215 (Fla. 1976); Brooks v. Cerrato, 355 So.2d 119 (Fla. 4th DCA), cert. denied, 361 So.2d 831 (Fla. 1978). Foley involved a new statute of limitations which provided only that it should take effect on a specified date. The Court held that this language alone was not sufficient to manifest a legislative intent that the statute should have anything other than prospective application. While Foley dealt with a shortening of the period of limitation, Homemakers involved the question of whether a statute which extended the period of limitation could be retroactively applied to resurrect a cause of action which had been untimely filed under the old statute. Finding no legislative manifestation that the new statute could be applied retroactively, the Court declined to allow resurrection of the cause of action.
Using language similar to that construed in Foley, the 1986 legislation pertaining to section 95.031(2) only provided that it became effective on July 1, 1986. Ch. 86-272, Laws of Fla. (1986). Since there was no clear manifestation of retroactive effect, the subsequent elimination of the statute of repose cannot save the plaintiff's suit. Accord Shaw v. General Motors Corp., 503 So.2d 362 (Fla. 3d DCA 1987); Small v. Niagara Machine & Tool Works, 502 So.2d 943 (Fla. 2d DCA 1987); Pait v. Ford Motor Co., 500 So.2d 743 (Fla. 5th DCA 1987). See Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla. 1977) (immunity from suit not retroactively withdrawn by subsequent legislation).
In order to understand the second certified question, it is necessary to review the history of section 95.031(2). Prior to the plaintiff's accident, this Court had held in a product liability action that as applied section 95.031 was unconstitutional because it denied access to the courts under article I, section 21, Florida Constitution. Battilla, 392 So.2d at 874. While the plaintiff's suit was pending, this Court receded from Battilla and held that section 95.031 was constitutional even with respect to causes of action which did not accrue until after the twelve-year statute of repose had expired. Pullum. The plaintiff argues that Pullum should be given prospective effect only.
As a general rule, a decision of a court of last resort which overrules a prior decision is retrospective as well as prospective in its application unless declared by the opinion to have prospective effect only. Black v. Nesmith, 475 So.2d 963 (Fla. 1st DCA 1985). The Pullum decision was silent on the question of retroactivity, thereby indicating that it was to apply retrospectively *737 as well as prospectively. All of the district courts of appeal that have considered the question have ruled that Pullum has retrospective application. Shaw; Small; Pait; Cassidy v. Firestone Tire & Rubber Co., 495 So.2d 801 (Fla. 1st DCA 1986). This case differs from our recent decision in Nissan Motor Co. v. Phlieger, 508 So.2d 713 (Fla. 1987), in which a product liability action was preserved because it was filed within the statute of limitations for wrongful death actions. Unlike the decedent in Nissan, the plaintiff's accident occurred beyond the twelve-year period of the statute of repose. Thus, we hold that Pullum does apply retrospectively so as to cut off the plaintiff's right of action.
We affirm the decision of the district court of appeal.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.