835 F.2d 1369
 56 USLW 2418, Prod.Liab.Rep.(CCH)P 11,650
 Philip H. EDDINGS, as Personal Representative of the Estate
of Scott Philip Eddings, Deceased, on Behalf of
Philip H. EDDINGS, and Virginia Rae
Randt, individually,
Plaintiffs-Appellants,
v.
VOLKSWAGENWERK, A.G., a/k/a Volkswagen Aktiengesellschaft, a
foreign corporation, et al., Defendants-Appellees.
Patricia Ann GRIFFIN, By and Through her next friend and
natural father, Larry D. GRIFFIN, and Larry D.
Griffin, individually, Plaintiffs-Appellants,
v.
FORD MOTOR COMPANY, Defendant-Appellee.
Albert V. VERHINE, Jr., a minor, By A. Brennis VERHINE, his
legal Guardian; and A. Brennis Verhine, and
Glenda L. Verhine, his natural parents,
Individually, Plaintiffs-Appellants,
v.
VOLKSWAGENWERK, A.G., a foreign corporation and Volkswagen
of America, Inc., a foreign corporation,
Defendants-Appellees.
Dana C. LAMB, a minor, By and Through his mother and next
friend, Jeanne F. DONALDSON, Jeanne F. Donaldson,
individually, Plaintiffs-Appellants,
v.
VOLKSWAGENWERK AKTIENGESELLSCHAFT, a German Corporation,
Volkswagen of America, Inc., a New Jersey
corporation, Defendants-Appellees.
 Nos. 86-3068, 86-3103, 86-3138 and 86-5258.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 22, 1988.
 
 Karen E. Roselli, Kevin A. Malone, Fort Lauderdale, Fla., for plaintiffs-appellants in 86-3068.
 Cathy Jackson Lerman, Fort Lauderdale, Fla., for amicus curiae Academy of Florida Trial Lawyers.
 J. Richard Caldwell, Jr., Sharon Lee Stedman, Orlando, Fla., for defendants-appellees in 86-3068.
 Edward T. O'Donnell, Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, Fla., for amicus curiae Motor Vehicle & Product Liability.
 Robert K. High, Jr., E.C. Deeno Kitchen, Brian S. Duffy, Robert M. Ervin, Jr., Tallahassee, Fla., Allen W. Lindsay, Jr., Milton, Fla., for plaintiffs-appellants in 86-3103.
 Patrick J. Farrell, Jr., Patricia Guilday, Tallahassee, Fla., John M. Thomas, Office of the General Counsel, Ford Motor Co., Dearborn, Mich., for defendant-appellee in 86-3103.
 John Stephen Derr, Field, Granger, Santry & Mitchell, Tallahassee, Fla., Michael Hoenig, Herzfeld & Rubin, New York City, for plaintiffs-appellants in 86-3138.
 Sharon Lee Stedman, Rumberger, Kirk, Caldwell, Cabaniss & Burke, Orlando, Fla., for defendants-appellees in 86-3138.
 Charles R. Stack, High, Stack, Lazenby & Palahach, Coral Gables, Fla., for plaintiffs-appellants.
 Wendy F. Lumish, Rumberger, Wechsler & Kirk, Miami, Fla., Sharon Lee Stedman, Miami, Fla., for defendants-appellees in 86-5258.
 Appeals from the United States District Court for the Northern District of Florida.
 Appeal from the United States District Court for the Southern District of Florida.
 Before TJOFLAT and HILL, Circuit Judges, and LYNNE*, Senior District Judge.
 TJOFLAT, Circuit Judge:
 
 
 1
 These four consolidated diversity actions present two issues involving Florida's products liability statute of repose. The first issue concerns the effect of a decision by the Florida Supreme Court in which the court reversed a prior decision holding that the statute of repose was invalid as applied. We must decide whether application of the supreme court's later decision in the cases before us deprives the appellants of a vested property right, in violation of the fourteenth amendment's due process clause. The second issue involves the question of whether Florida's statute of repose creates two classes of persons with different legal rights, in violation of the fourteenth amendment's equal protection clause. In each of the four cases, the district court granted the appellee's motion for summary judgment. 635 F.Supp. 45, 631 F.Supp. 1144. We affirm.
 
 I.
 A.
 
 2
 In 1974, the Florida legislature enacted a twelve-year products liability statute of repose.[1] That statute terminated manufacturer liability with respect to suits brought more than twelve years after delivery of the product to its first purchaser. In other words, the Florida legislature determined that independent of whether the applicable statute of limitations had run, an injury caused by a product that had been delivered to its original purchaser more than twelve years prior to the filing of the plaintiff's lawsuit would give rise to no cause of action against the manufacturer or designer.[2]
 
 
 3
 In December 1980, in Battilla v. Allis Chalmers Mfg. Co., 392 So.2d 874 (Fla.1980) (per curiam), the Florida Supreme Court held that the twelve-year statute of repose, as it applied to a plaintiff whose injury occurred more than twelve years after delivery of the product to its first purchaser, worked a denial of access to courts in violation of the Florida Constitution.[3] In August 1985, the Florida Supreme Court, in Pullum v. Cincinnati, Inc., 476 So.2d 657, 659 (Fla.1985), overruled Battilla and held that the statute of repose is "not unconstitutionally violative of [the right of access] of the Florida Constitution." Although the supreme court did not state in Pullum whether the rule announced in that case would apply to cases involving injuries occurring after the Battilla decision but before the Pullum decision, it has since held that Pullum does apply to such cases. See Pait v. Ford Motor Co., 515 So.2d 1278, 1279 (Fla.1987); Melendez v. Dreis & Krump Mfg. Co., 515 So.2d 735, 737 (Fla.1987).
 
 B.
 
 4
 Each of the present lawsuits arose out of an accident occurring in Florida and involving an automobile that had been delivered to the original purchaser more than twelve years before the accident.[4] In three of the cases, the accident occurred after the supreme court's decision in Battilla; in the fourth case, the accident occurred before Battilla was decided. All of the accidents occurred before the supreme court reversed itself in Pullum. In each case, someone injured in the accident, or a representative of his estate, filed suit in the district court against the manufacturer of the automobile, invoking jurisdiction under 28 U.S.C. Sec. 1332 (1982).[5] In three of the cases, suit was filed after the supreme court decided Battilla but before it decided Pullum. In the fourth case, suit was filed eleven days after the supreme court decided Pullum.
 
 
 5
 In each of the four cases, the defendant manufacturer moved the court for summary judgment, contending that because the twelve-year statute of repose had run its course, the plaintiff had no cause of action. In each case, the district court granted the defendant's motion for summary judgment. The plaintiffs have appealed to this court.
 
 II.
 
 6
 The district court correctly interpreted Florida law in holding that the decision in Pullum controls these cases and leaves appellants with no cause of action rooted in products liability.[6] Appellants argue, however, that application of the statute of repose to their suits would, as a matter of federal law, deprive them of a vested property right in violation of the fourteenth amendment's due process clause.
 
 
 7
 We note preliminarily that appellants' facial attack on the constitutionality of the Florida statute of repose is without merit. The United States Supreme Court, in cases raising the constitutionality of similar statutes, has found no violation of the fourteenth amendment. See, e.g., Woodward v. Burnham City Hosp., 449 U.S. 807, 101 S.Ct. 54, 66 L.Ed.2d 11 (1980), dismissing appeal from Anderson v. Wagner, 79 Ill.2d 295, 37 Ill.Dec. 558, 402 N.E.2d 560 (1979) (no due process violation from legislative action "establishing the four-year outer limit within which to file a complaint for medical malpractice") (appeal dismissed for want of a substantial federal question; see 49 U.S.L.W. 3065 for summary of questions presented on appeal); Ellerbe v. Otis Elevator Co., 459 U.S. 802, 103 S.Ct. 24, 74 L.Ed.2d 39 (1982), dismissing appeal from 618 S.W.2d 870 (Tex.Civ.App.1981) (due process of law not denied plaintiff by virtue of statute prohibiting suits against licensed engineers or architects for damages arising out of unsafe condition of real property that was improved more than ten years earlier) (appeal dismissed for want of a substantial federal question; see 51 U.S.L.W. 3146 for summary of questions presented on appeal).[7]
 
 
 8
 Appellants argue in the alternative that the statute of repose is unconstitutional as applied. Their argument, reduced to its essentials, is as follows. They begin with the premise that a products liability cause of action accrues at the time the injury occurs. Appellants' injuries occurred after the Florida Supreme Court decided Battilla but before it decided Pullum. Since their injuries therefore occurred at a time when Florida decisional law held that application of the statute of repose to cases such as theirs would violate the Florida Constitution, appellants reason that nothing in Florida law prevented the accrual of their causes of action at that time. Appellants argue that an accrued cause of action is a vested property right, and that application of the statute of repose now would deprive them of that right in violation of the due process clause.[8]
 
 
 9
 We reject appellants' arguments that the Pullum decision should be analyzed as if it were a legislative reenactment of a repealed statute. Battilla did not invalidate the statute of repose; during the interim between the Battilla and the Pullum decisions, the statute continued to bar causes of action in cases factually distinguishable from Battilla. Appellants therefore cannot assert that the statute was repealed at the time their injuries occurred. Although at that time the supreme court had held that application of the statute to cases such as theirs violated the Florida Constitution, the supreme court was free to change its interpretation, and appellants had no vested right in the former interpretation. See New York Cent. R.R. v. White, 243 U.S. 188, 198, 37 S.Ct. 247, 250, 61 L.Ed. 667 (1917) ("No person has a vested interest in any rule of law, entitling him to insist that it shall remain unchanged for his benefit."); see also Duke Power Co. v. Carolina Environmental Study Group, Inc., 438 U.S. 59, 88 n. 32, 98 S.Ct. 2620, 2638 n. 32, 57 L.Ed.2d 595 (1978) ("Our cases have clearly established that '[a] person has no property, no vested interest, in any rule of the common law.' "); Ducharme v. Merrill-Nat'l Laboratories, 574 F.2d 1307, 1309 (5th Cir.) ("[A] plaintiff has no vested right in any tort claim for damages under state law."), cert. denied, 439 U.S. 1002, 99 S.Ct. 612, 58 L.Ed.2d 677 (1978).[9]
 
 
 10
 Appellants also apparently contend that their property rights are implicated because they relied on the Battilla decision when they filed their lawsuits. Underlying this argument is the notion that persons subject themselves to tortious conduct in reliance on a particular state of tort law. The timing of appellants' accidents, however, was of course purely fortuitous. We therefore conclude that appellants' due process challenge must fail.
 
 III.
 
 11
 Appellants in two of the cases before us argue that Florida's statute of repose violates the equal protection clause of the fourteenth amendment.[10] Appellants contend that the operation of the twelve-year statute of repose, Fla.Stat. Sec. 95.031(2) (1982), together with the four-year statute of limitations, Fla.Stat. Sec. 95.11(3)(e) (1982), creates two classes of injured persons with different legal rights. The first class includes those persons who are injured less than eight years after delivery of the product to its first purchaser and who therefore have the full four years afforded by the statute of limitations to bring their actions. The second class includes those persons who are injured more than eight years but less than twelve years after the product is delivered to its first purchaser. Owing to the operation of the twelve-year statute of repose, persons in the second class have less than the full four years afforded those in the first class to file suit. Appellants argue that the statute of repose violates the equal protection clause of the fourteenth amendment because there is no rational basis for this disparate treatment.
 
 
 12
 The Florida Supreme Court rejected this equal protection argument in Pullum, 476 So.2d at 660. The plaintiff in Pullum appealed that decision to the United States Supreme Court. The Supreme Court dismissed the appeal for want of a substantial federal question. Pullum v. Cincinnati, Inc., 475 U.S. 1114, 106 S.Ct. 1626, 90 L.Ed.2d 174 (1986) (see 54 U.S.L.W. 3654 for summary of questions presented on appeal). The Court therefore disposed of Pullum on the merits, rejecting the equal protection arguments raised in that case.[11] We are bound by the Supreme Court's disposition of Pullum and accordingly reject appellants' contention that Florida's statute of repose violates the fourteenth amendment's equal protection clause.
 
 IV.
 
 13
 For the foregoing reasons, the district court's grant of summary judgment in each of these four consolidated cases is
 
 
 14
 AFFIRMED.
 
 
 
 *
 Honorable Seybourn H. Lynne, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation
 
 
 [1]
 The statute of repose, Fla.Stat. Sec. 95.031(2) (1982), provided as follows:
 Actions for products liability ... must be begun within the period prescribed in this chapter ... but in any event within 12 years after the date of delivery of the completed product to its original purchaser ... regardless of the date the defect in the product ... was or should have been discovered.
 In 1986, the Florida legislature amended section 95.031(2) so as to repeal the statute of repose in products liability actions. See Fla.Stat. Sec. 95.031(2) (Supp.1987). The Florida Supreme Court has held that this repeal has no effect on cases arising prior to the date of the amendment. See Melendez v. Dreis & Krump Mfg. Co., 515 So.2d 735, 737 (Fla.1987).
 
 
 [2]
 A statute of repose is to be distinguished from a statute of limitations. The district court in one of the cases before us thoughtfully explained the difference between a statute of repose and a statute of limitations:
 While in the most general sense statutes of repose and statutes of time limitation are similar in that they prescribe the periods within which actions may be brought, we think there are critical analytical distinctions between the two and we do not use the terms interchangeably here. A statute of repose terminates the right to bring an action after the lapse of a specified period. The right to bring the action is foreclosed when the event giving rise to the cause of action does not transpire within this interval. A statute of limitations delineates the time a party has to initiate an action once the injury has occurred; it does not begin to run until the wrong has been or should have been discovered. Simply stated, a statute of repose is triggered once the product is delivered to its first purchaser. If an injury results from the product after the authorized period has elapsed the victim is without recourse to the manufacturer of the product. A statute of repose "... does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action, from ever arising." Rosenberg v. Tower of North Bergen, 61 N.J. 190, 293 A.2d 662, 667 (1972). Thus under the Florida statute of repose an injury caused by a product which has reached its original purchaser more than twelve years prior forms no basis for recovery because the statute prevents the accrual of a right of action. "The injured party literally has no cause of action. The harm that has been done is damnum absque injuria--a wrong for which the law affords no redress." Id. The effect of the statute of repose may be to bar the cause of action before it has accrued.
 These product liability statutes of repose are designed and intended to encourage diligence in the prosecution of claims, eliminate the potential of abuse from a state claim, and ultimately foster certainty and finality in liability.
 Lamb v. Volkswagenwerk Aktiengesellschaft, 631 F.Supp. 1144, 1147 (S.D.Fla.1986).
 
 
 [3]
 Article I, section 21 of the Florida Constitution provides as follows:
 Sec. 21 Access to courts
 The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay.
 
 
 [4]
 The chronology of relevant dates for each of the four cases is summarized below:
 Eddings v. Volkswagenwerk, A.G., No. 86-3068
 1967--Car delivered to original purchaser
 1979--Statute of repose expires
 1980--Battilla decided
 1982--Accident occurs
 1983--Suit filed
 1985--Pullum decided
 Lamb v. Volkswagenwerk Aktiengesellschaft, No. 86-5258
 1967 (Nov. 13)--Car delivered to original purchaser
 1979 (Nov. 13)--Statute of repose expires
 1979 (Nov. 21)--Accident occurs
 1980--Battilla decided
 1982--Suit Filed
 1985--Pullum decided
 Verhine v. Volkswagenwerk, A.G., No. 86-3138
 1969 (July)--Car delivered to original purchaser
 1980--Battilla decided
 1981 (July)--Statute of repose expires
 1981 (Aug.)--Accident occurs
 1984--Suit filed
 1985--Pullum decided
 Griffin v. Ford Motor Co., No. 86-3103
 1971--Car delivered to original purchaser
 1980--Battilla decided
 1983--Statute of repose expires
 1985 (Jan.)--Accident occurs
 1985 (Aug.)--Pullum decided
 1985 (Sept.)--Suit filed
 
 
 [5]
 Section 1332 provides as follows:
 (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interests and costs, and is between--
 (1) citizens of different states;
 ....
 
 
 [6]
 At the time the district court decided these cases, the Florida Supreme Court had not expressly decided whether Pullum would apply so as to bar a cause of action arising from an injury occurring after the Battilla decision but before the Pullum decision. The supreme court has, however, since ruled that Pullum is to have such application. See Pait v. Ford Motor Co., 515 So.2d 1278, 1279 (Fla.1987); Melendez v. Dreis & Krump Mfg. Co., 515 So.2d 735, 737 (Fla.1987)
 In their briefs, appellants have in various degrees relied on Chevron Oil v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). Chevron involved the retroactive application of a federal court decision regarding a matter of federal statutory law and is not applicable to our analysis in this case.
 
 
 [7]
 Summary disposition by the Supreme Court of an appeal for want of a substantial federal question is a disposition on the merits of the case:
 As Mr. Justice Brennan once observed, "[v]otes to affirm summarily, and to dismiss for want of a substantial federal question, it hardly needs comment, are votes on the merits of a case ...," Ohio ex rel. Eaton v. Price, 360 U.S. 246, 247, 79 S.Ct. 978, 979, 3 L.Ed.2d 1200 (1959); cf. R. Stern & E. Gressman, Supreme Court Practice, 197 (4th ed. 1969) ("The Court is, however, deciding a case on the merits, when it dismisses for want of a substantial question...."); C. Wright, Law of Federal Courts 495 (2d ed. 1970) ("Summary disposition of an appeal, however, either by affirmance or by dismissal for want of a substantial federal question, is a disposition on the merits.").
 Hicks v. Miranda, 422 U.S. 332, 344, 95 S.Ct. 2281, 2289, 45 L.Ed.2d 223 (1975).
 
 
 [8]
 In one of the cases, Lamb v. Volkswagenwerk, A.G., No. 86-5258, the accident occurred before Battilla was decided. The appellant in Lamb therefore cannot make this particular argument
 
 
 [9]
 Even if each appellant did possess an accrued cause of action, it would be questionable whether an accrued cause of action necessarily translates into a vested property right protected under the due process clause. See Hammond v. United States, 786 F.2d 8, 12 (1st Cir.1986) (reviewing Supreme Court precedent and concluding that "rights in tort do not vest until there is a final, unreviewable judgment")
 We note that the Florida Supreme Court has decided that application of the statute of repose to persons in the appellants' position does not impair any vested rights cognizable under state law. See Brackenridge v. Ametek, Inc., 517 So.2d 667, 12 Fla. Law Weekly 589, 590 (Fla.1987).
 
 
 [10]
 Appellants in one of the two cases, Verhine v. Volkswagenwerk, A.G., No. 86-3138, concede in their reply brief that their case does not present an equal protection challenge
 
 
 [11]
 See supra note 7