PER CURIAM.
Pursuant to article Y, section 3(b)(4) of the Florida Constitution, we review Dominguez v. Bucyrus-Erie Co., 503 So.2d 364 (Fla. 3d DCA 1987), to answer two questions certified to be of great public importance.
Juan Dominguez was injured in May 1982 by machinery manufactured in 1959 by the Bucyrus-Erie Company. The injury occurred more than twelve years following delivery of the equipment to the original purchaser. The Third District affirmed the dismissal of Dominguez’ product liability action and certified the following questions to this Court:
I. WHETHER THE LEGISLATIVE AMENDMENT OF SECTION 95.-031(2), FLORIDA STATUTES (1983), ABOLISHING THE STATUTE OF REPOSE IN PRODUCT LIABILITY ACTIONS, SHOULD BE CONSTRUED TO OPERATE RETROSPECTIVELY AS TO A CAUSE OF ACTION WHICH ACCRUED BEFORE THE EFFECTIVE DATE OF THE AMENDMENT?
II. IF NOT, WHETHER THE DECISION OF PULLUM v. CINCINNATI, INC., 476 SO.2D 657 (FLA.1985), APPEAL DISMISSED, 475 U.S. 1114, 106 S.CT. 1626, 90 L.ED.2D 174 (1986), WHICH OVERRULED BATTILLA v. ALLIS CHALMERS MFG. CO., 392 SO.2D 874 (FLA.1980), APPLIES SO AS TO BAR A CAUSE OF ACTION THAT ACCRUED AFTER THE BATTILLA DECISION BUT BEFORE THE PULLUM DECISION?
Id. at 365. We recently answered the first question in the negative and the second question in the affirmative in Melendez v. Dreis & Krump Manufacturing Co., 515 So.2d 735 (Fla.1987).
The petitioners also raise an issue in this case that was not specifically discussed in the Melendez opinion. They contend that, notwithstanding this Court’s opinion in Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla.1985), upholding the constitutionality of § 95.031(2), they are entitled to relief because of reliance upon our earlier decision of Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla.1980), which declared the statute unconstitutional as applied. This exact issue was resolved in Brackenridge v. Ametek, Inc., 517 So.2d 667 (Fla.1987), under similar facts as presented here. For the reasons expressed therein, we find there was no detrimental reliance upon Battilla by the petitioners.
We approve the decision of the district court of appeal.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.