592 So.2d 1102 (1991)
Maria ACOSTA, As Personal Representative of the Estate of Luis Acosta, Sr., Deceased, Appellant,
v.
FIRESTONE TIRE & RUBBER CO., and Kelsey Hayes Company, Appellees.
No. 90-2024.
District Court of Appeal of Florida, Third District.
June 11, 1991.
*1103 Klein & Tannen, P.A., Lewis Tannen and Norman S. Klein, Hollywood, for appellant.
Gary M. Farmer, Fort Lauderdale, for appellee Kelsey-Hayes Co.
Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson and G. William Bissett, Miami and Nancy Hoffman, Fort Lauderdale, for appellees.
Before FERGUSON, JORGENSON, and GERSTEN, JJ.
JORGENSON, Judge.
Maria Acosta appeals from adverse summary judgments in a wrongful death action. For the following reasons, we reverse.
In August, 1987, Luis Acosta was killed when a multipiece rim and wheel assembly exploded, causing part of the assembly to separate and strike him. In December, 1987, Maria Acosta, as personal representative of her husband's estate, filed a wrongful death action against Firestone and Kelsey Hayes, the manufacturers of the component parts of the rim assembly.
Firestone and Kelsey Hayes moved for summary judgment alleging that Acosta's claim was time-barred under the 1975 Statute of Repose, section 95.031(2), Florida Statutes.[1] In response, Acosta alleged that her cause of action was viable under the current version of section 95.031(2), Florida Statutes, which repealed the twelve-year statute of repose in products liability actions.[2]
Following a stipulation between the parties, the trial court made the following findings: (1) that the latest date of delivery to the initial purchaser was December 31, 1966; (2) that the effective date of Florida's product liability twelve-year statute of repose was January 1, 1975; (3) that the twelve-year statute of repose elapsed on December 31, 1978; (4) that the statute of repose was repealed by the Florida legislature on July 1, 1986; and (5) that the incident which gave rise to this litigation did not occur until August 18, 1987, twenty-one years after the product was delivered to the initial purchaser and seven and one-half years after the twelve-year repose period had expired.
Following a hearing, the trial court granted the defendants' motions for summary judgment finding that the twelve-year repose period had expired while section 95.031(2), Florida Statutes (1975), was still in force and effect and constitutional and that, therefore, the plaintiff's cause of action was extinguished before it ever accrued. The trial court also held that in 1978, when the twelve-year repose period expired, immunity from suit became a vested right which could not constitutionally be affected by the subsequent repeal of the statute of repose.
This case appears to be one of first impression in the Florida appellate court system. However, the District Court for the Southern District of Florida, in Daniell v. *1104 Baker-Roos, Inc., No. 89 Civ 14100, 1990 WL 302693 (S.D.Fla. July 19, 1990), addressed the precise question involved here. In Daniell, a products liability action, the plaintiff was injured by an allegedly defective scaffolding on April 1, 1989. The defendant manufacturer had delivered the product to the original purchaser prior to 1972. The defendant moved for summary judgment alleging that Florida's repealed twelve-year statute of repose barred the plaintiff's action. Like the defendants here, the defendant in Daniell argued that, at the expiration of the twelve-year time period, there was a vested right not to be sued which could not be affected by the statutory repeal of the statute of repose. Judge Ryskamp in Daniell denied the defendant's motion for summary judgment finding that the Florida legislature could not have intended to exempt products liability actions from the 1986 amendment for an indefinite period of time and that the repealed statute of repose did not create a vested right to be free from liability. Daniell, No. 89 Civ 14100, slip op. at 2-3. We agree.
The statute of repose did not exist when the allegedly defective tire was delivered to the original purchaser. After the statute was enacted in 1974, its history was volatile. In 1980 the Florida Supreme Court in Battilla v. Allis Chalmers Mfg. Co., 392 So.2d 874 (Fla. 1980), held that the twelve-year statute of repose, as it applied to a plaintiff whose injury occurred more than twelve years after delivery of the product to its first purchaser, constituted an unconstitutional denial of access to courts. Then, in 1985, the Florida Supreme Court, in Pullum v. Cincinnati, Inc., 476 So.2d 657, 659 (Fla. 1985), receded from Battilla and held that the statute of repose is "not unconstitutionally violative of the Florida Constitution." The following year, the Florida legislature amended section 95.031(2) to repeal the twelve-year statute of repose in products liability actions. Finally, in 1987, the Florida Supreme Court in Melendez v. Dreis & Krump Mfg. Co., 515 So.2d 735 (Fla. 1987), held that the legislative amendment abolishing the statute of repose in products liability actions did not apply retrospectively to an action that arose before the effective date of the amendment.
Based upon the plain language of the 1986 amendment and case law interpreting the repealed and current versions of section 95.031(2), we conclude that the repealed statute of repose is inapplicable here and that a products liability action may be maintained under sections 95.031(2) and 95.11, Florida Statutes (1987).[3] We agree with Judge Ryskamp's interpretation in Daniell that the Florida Supreme Court in Melendez, by holding that the repeal of section 95.031(2) does not operate retroactively, "merely provided a definite date, the effective date of the amendment, to break cleanly with past policy regarding repose in products liability actions. Only this reading gives effect to the plain meaning of the amendment... ." Daniell, No. 89 Civ 14100, slip op. at 2.
To deprive the appellant of her cause of action in this case would, in effect, apply a repealed statute prospectively, nullify the 1986 amendment abrogating the statute of repose in products liability cases, and wreak havoc on ordinary rules of statutory interpretation. Such a result would be absurd.
The appellees' contention that the 1975 statute of repose conferred a vested right not to be sued is without merit.[4] A statute of repose does not create a vested interest. Eddings v. Volkswagenwerk, A.G., 835 F.2d 1369 (11th Cir.), cert. denied sub nom, Griffin v. Ford Motor Co., 488 U.S. 822, 109 S.Ct. 68, 102 L.Ed.2d 44 *1105 (1988); Brackenridge v. Ametek, Inc., 517 So.2d 667 (Fla. 1987), appeal dism. and cert. denied, 488 U.S. 801, 109 S.Ct. 30, 102 L.Ed.2d 9 (1988); Olympic Products Co. v. Roof Systems, Inc., 79 N.C. App. 436, 339 S.E.2d 432, rev. denied, 316 N.C. 553, 344 S.E.2d 8 (1986).
We recognize that our decision today is in direct conflict with the recent decision of Walker v. Miller Electric Mfg. Co., 16 F.L.W. 1386, 1991 WL 82508 (Fla. 4th DCA May 22, 1991). In an interesting twist of jurisprudential fate, the conflict that has thus arisen could not be more direct. The fourth district in Walker, 16 F.L.W. at 1387, relied primarily on the "thorough and persuasive" reasoning found in the order of the circuit court in the "factually indistinguishable" case of Acosta v. Firestone Tire & Rubber Co., Nos. 87-53150 and 89-37110 CA(11) (Fla. 11th Cir. Aug. 14, 1990), which, by this opinion, we reverse.
Based upon the foregoing, we conclude that Mr. Acosta would have been permitted to maintain a products liability action if he were alive. Therefore, we likewise conclude that his personal representative may maintain a wrongful death action on his behalf. See Pait v. Ford Motor Co., 515 So.2d 1278 (Fla. 1987). We certify conflict with the fourth district, Walker v. Miller Electric Mfg. Co., 16 F.L.W. 1386, 1991 WL 82508 (Fla. 4th DCA May 22, 1991). Furthermore, because this case presents a question of great public importance, we certify the following question to the Florida Supreme Court:
DOES THE NOW REPEALED STATUTE OF REPOSE, SECTION 95.031(2), FLORIDA STATUTES (1975), BAR A PLAINTIFF'S CAUSE OF ACTION WHERE THE LAW IN EFFECT AT THE TIME THE DECEDENT'S CAUSE OF ACTION ACCRUED WOULD HAVE PERMITTED HIM TO MAINTAIN A PRODUCTS LIABILITY ACTION IF HE WERE ALIVE.
Reversed and remanded; conflict certified; question certified.
NOTES
[1] That section provides that:

actions for products liability ... must be begun within the period proscribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, ... but in any event within 12 years after the date of delivery of the completed product to its original purchaser ... regardless of the date the defect in the product ... was or should have been discovered. (Emphasis added)
[2] Section 95.031(2), Florida Statutes (1987), provides that "actions for products liability under s. 95.11(3) must be begun within the period prescribed in the chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence[.]" Section 95.11(3), Florida Statutes (1987), in turn, provides a four-year limitations period for products liability actions.
[3] This action was filed four months after Mr. Acosta was killed.
[4] Florida cases involving statutes of limitations do not mandate a different conclusion. There is a fundamental difference between a statute of repose which can terminate a plaintiff's right to sue before a claim arises and a statute of limitations which delineates the time a party has to initiate an action once an injury has occurred. See Daniell, No. 89 Civ 14100 (S.D.Fla. March 13, 1990); Lamb v. Volkswagenwerk, Aktiengesellschaft, 631 F. Supp. 1144 (S.D.Fla. 1986), aff'd sub nom Eddings v. Volkswagenwerk, A.G., 835 F.2d 1369 (11th Cir.1988), cert. denied sub nom, Eddings v. Volkswagenwerk, 488 U.S. 822, 109 S.Ct. 68, 102 L.Ed.2d 44 (1988).