591 So.2d 242 (1991)
Margaret E. WALKER, as Personal Representative of the Estate of Julian Walker, Deceased, Appellant,
v.
MILLER ELECTRIC MANUFACTURING COMPANY, a foreign corporation, Air Products and Chemicals, Inc., a foreign corporation, Appellees.
No. 90-1253.
District Court of Appeal of Florida, Fourth District.
August 14, 1991.
*243 Larry Klein of Klein & Walsh, P.A., West Palm Beach, and Robert Jordan of Grevior & Jordan, Fort Lauderdale, for appellant.
Love Phipps of Corlett, Killian, Ober, Hardeman & Levi, P.A., Miami, for appellee-Miller Elec. Mfg. Co.
Joseph M. Loughren and Richard B. Doyle, Jr., of Loughren and Doyle, P.A., Fort Lauderdale, for appellee-Air Products and Chemicals, Inc.

ON MOTION FOR REHEARING AND CERTIFICATION
GARRETT, Judge.
We grant appellant's motion for rehearing and certification for the limited purpose of certifying a question to be of great public importance and to certify that this opinion is in direct conflict with Acosta v. Firestone Tire & Rubber Co., 592 So.2d 1102 (Fla. 3d DCA 1991). We substitute the following opinion to reflect the foregoing:
The trial court dismissed appellant Margaret Walker's complaint because the cause of action was barred by the statute of repose. We affirm.
Appellant, as personal representative, sued appellees Miller Electric Manufacturing Co. and Air Products and Chemicals, Inc. She alleged that in July of 1988 a defective machine manufactured by Miller Electric and delivered by Air Products accidentally caused the decedent's death. The machine was manufactured and delivered in 1971. Appellees moved for summary judgment on the grounds that the statute of repose, section 95.031(2) of the Florida Statutes, barred the action. That section, originally enacted in 1985, read:
Actions for product liability ... must be begun within the period prescribed in this chapter, ... but in any event within 12 years after the date of delivery of the completed product to its original purchaser ... regardless of the date the defect in the product ... was or should have been discovered.
(Emphasis added). In July of 1986, the legislature repealed the statute of repose and replaced it with a statute of limitation. The new statute, in effect at the time of the accident, read:
Actions for products liability and fraud under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered.
§ 95.031(2), Fla. Stat. (Supp. 1988) (emphasis added).
The trial court held that the 1985 statute of repose barred appellant's cause of action and entered summary judgment in favor of appellees.
Appellant argues that because Florida's statute of repose was repealed in 1986 it could not be a bar to an action based on an accident that occurred in 1988. Thus, the summary judgment should be reversed. Appellant contends the statute of limitations in effect at the time the "action accrued" should control.
Appellees, on the other hand, argue that once the statute of repose operated to bar any action, they gained a vested substantive right to not have suit brought against them. Thus, any subsequent enactment could not divest appellees of the rights acquired under the statute of repose.
*244 Appellee Miller Electric's supplemental authority consists of a persuasive circuit court opinion which is factually indistinguishable, Acosta v. Firestone Tire & Rubber Co., Nos. 87-53150 and 89-37110 CA(11) (Fla. 11th Cir. Aug. 14, 1990), reversed, 592 So.2d 1102 (Fla. 3d DCA 1991).[1] The circuit court held that where a 12 year period for bringing a product-liability cause of action expired during the time that the statute of repose was in effect, plaintiff's cause of action was barred even though a new statute of limitation existed when the action accrued. Although Acosta is not binding on this court, the reasoning therein is thorough and persuasive. The opinion focused on the fact that the statute of repose expired when the statute of repose was still in force and effect and constitutional.[2] In Acosta and here the statute of repose ran, then section 95.031(2) was repealed and amended through the enactment of a statute of limitation, then the cause of action accrued.
Acosta relied upon Melendez v. Dreis & Krump Mfg. Co., 515 So.2d 735, 736 (Fla. 1987) wherein the court held that a statute of repose cuts off a right of action within a specified time limit after the delivery of a product, regardless of when the cause of action accrues. Also, Acosta, as well as appellees, cited Lamb By and Through Donaldson v. Volkswagenwerk Aktiengesellschaft, 631 F. Supp. 1144, 1147 (S.D.Fla. 1986), affirmed by, Eddings on behalf of Eddings v. Volkswagenwerk, 835 F.2d 1369 (11th Cir.), cert. denied, 488 U.S. 822, 109 S.Ct. 68, 102 L.Ed.2d 44 (1988):
Simply stated, a statute of repose is triggered once the product is delivered to its first purchaser. If an injury results from the product after the authorized period has elapsed, the victim is without recourse to the manufacturer of the product. A statute of repose `... does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action from ever arising.' Rosenberg v. Tower of North Bergen, 61 N.J. 190, 293 A.2d 662, 667 (1972). Thus under the Florida statute of repose an injury caused by a product which has reached its original purchaser more than twelve years prior forms no basis for recovery because the statute prevents the accrual of a right of action. `The injured party literally has no cause of action. The harm that has been done is damnum absque injuria  a wrong for which the law affords no redress.' Id. The effect of the statute of repose may be to bar the cause of action before it has accrued.
In Bauld v. J.A. Jones Construction Co., 357 So.2d 401, 402 (Fla. 1978), upon which Volkswagenwerk relied, our supreme court discussed a statute of repose:
Rather than establishing a time limit within which an action must be brought, measured from the time of accrual of the cause of action, these provisions cut off the right of action after a specified time measured from delivery of a product or the completion of work. They do so regardless of the time of the accrual of the cause of action or of notice of the invasion of a legal right.
See also Universal Engineering Corp. v. Perez, 451 So.2d 463, 465 (Fla. 1984) (statute of repose cuts off a right of action after a certain time regardless of when the cause of action accrued).
Noting that there is no case law determining what effect, if any, the 1986 amendment has with respect to defendant's statutorily granted right of repose, Acosta turned to analogous Florida case law for reasoning. In Walter Denson and Son v. *245 Nelson, 88 So.2d 120, 122 (Fla. 1956) the court in deciding whether an amendment to a statute of limitation lengthened the period allowed under a prior statute reasoned:
Here, again, it appears to us that the better-reasoned rule is that if the period allowed by existing statute has not run when the amending statute takes effect, then if the amending statute lengthens the period allowed, it will be applicable to a pending case.
* * * * * *
The Legislature has the power to increase a prescribed period of limitation and to make it applicable to existing causes of action provided the change in the law is effective before the cause of action is extinguished by the force of a pre-existing statute.
(Emphasis added). Applying the reasoning of Nelson to the instant facts, although the statute there amended a statute of limitation, we conclude that the repeal of the statute of repose sub judice could not affect appellees' vested right to not be sued.
Finally, as Acosta noted, the wording of section 11.2425 of the Florida Statutes, enacted during the same session when the legislature amended section 95.031(2), is an expression of legislative intent and highly persuasive support for the Nelson line of reasoning:
The repeal of any statute by the adoption and enactment of Florida Statute 1987 ... shall not affect any right accrued before such repeal.
Melendez, relied on by appellant, is factually distinguishable. The Florida Supreme Court in Melendez responded negatively to the following certified question:
Should the legislative amendment of section 95.031(2), Florida Statutes (1983), abolishing the Statute of Repose in products liability actions be construed to operate retrospectively as to a cause of action which accrues before the effective date of the amendment?
Here the cause of action (the accident) accrued after the effective date of the amendment.
Appellant also relies on Cathey v. Johns-Manville Sales Corp., 776 F.2d 1565 (6th Cir.1985), cert. denied, 478 U.S. 1021, 106 S.Ct. 3335, 92 L.Ed.2d 740 (1986), an appeal that consolidated two cases. As to plaintiff James O. Cavett, the Court of Appeals confronted the issue we now address. Starting in 1939, Mr. Cavett worked for over forty years as a boilermaker in close proximity to asbestos insulation. He recalled seeing Johns-Manville insulation products on all his jobs. On July 1, 1978, the State of Tennessee's ten year statute of repose became effective. By amendment, after July 1, 1979 the statute excluded asbestos cases. In 1981 Mr. Cavett first discovered that he was suffering from an injury as result of his exposure to asbestos. Johns-Manville, like appellees, argued that it had a vested right in the statute of repose, which constitutionally could not be abrogated by the retroactive application of the amendment. The Court of Appeals held that "due to the fact that Cavett's cause of action accrued after the effective date of the amendment, Johns-Manville, neither acquired nor developed a vested right. It is the time of the accrual of the action which determines the applicable statute of limitation." Id. at 1576.
We believe, as the Tennessee legislature apparently did about asbestos cases, that slowly evolving injury cases should be treated differently from cases where an injury occurs instantaneously. Therefore, we distinguish Cathey because that case involved lung cancer, the illness caused by Mr. Cavett's prolonged exposure to asbestos. Although medical professionals cannot pinpoint when a minute structure of a human cell begins its cancerous transformation, it is common knowledge that the process takes many years to develop. Johns-Manville wanted to limit Mr. Cavett's proof to only that asbestos first purchased after July 1, 1969, the ten year period immediately before the last effective date of the originally enacted statute of repose. To do so would have ignored thirty of the years that Mr. Cavett inhaled asbestos and would have excluded the high probability that his cancer began before 1969. Each day of the ten year period *246 before 1979 something was happening to Mr. Cavett's body that probably resulted from his inhaling of the insulation products delivered before 1969. The same can be said as to the ten year periods before 1978, 1977, 1976, and so on. Johns-Manville could not establish that the statute of repose ran.
Sub judice, during the twelve year period before 1986 absolutely nothing happened to appellant as a result of the machine manufactured or delivered by appellees. Appellees established that the statute of repose had run.
However, we certify the following question to be of great public importance:
DID THE REPEALED STATUTE OF REPOSE, SECTION 95.031(2), FLORIDA STATUTES (1985), GIVE A MANUFACTURER OR A DELIVERER OF THE COMPLETED PRODUCT A VESTED RIGHT NOT TO BE SUED FOR AN ACCIDENT THAT OCCURRED AFTER THE DATE OF REPEAL?
AFFIRMED.
GLICKSTEIN, C.J., and ANSTEAD, J., concur.
NOTES
[1] Although the Third District issued its opinion in Acosta after our original opinion and before this substitute opinion, we continue to rely on the reasoning of the circuit court's opinion.
[2] The brief of appellee Miller Electric Manufacturing Co. notes that as the statute of repose ran against appellant, it was declared unconstitutional and later declared constitutional again. Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), overruling Battalia v. Allis Chalmers Mfg., 392 So.2d 874 (Fla. 1980). However, Melendez v. Dreis & Krump Mfg. Co., 515 So.2d 735 (Fla. 1987), held that the Pullum decision applied retrospectively and did not bar any cause of action that accrued during the time Battalia prevailed.