612 So.2d 1361 (1992)
FIRESTONE TIRE & RUBBER COMPANY, et al., Petitioners,
v.
Maria ACOSTA, etc., Respondent.
Margaret E. WALKER, etc., Petitioner,
v.
MILLER ELECTRIC MANUFACTURING COMPANY, etc., et al., Respondents.
Nos. 78255, 78506.
Supreme Court of Florida.
October 22, 1992.
Rehearing Denied February 24, 1993.
G. William Bissett of Preddy, Kutner, Hardy, Rubinoff, Thompson, Bissett & Bush, Miami, for petitioner Firestone.
Clifford B. Selwood, Jr. of Clifford B. Selwood, Jr., P.A., and Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, for petitioner Kelsey-Hayes.
Grevior & Jordan, Fort Lauderdale, and Larry Klein of Klein & Walsh, P.A., West Palm Beach, for petitioner Walker.
Ricki Lewis Tannen and Norman S. Klein of Klein & Tannen, P.A., Hollywood, for respondent Acosta.
Love Phipps of Corlett, Killian, Ober & Levi, P.A., Miami, for respondent Miller Electric.
Richard B. Doyle, Jr. of Loughren & Doyle, P.A., Fort Lauderdale, for respondent Air Products and Chemicals, Inc.
Edward T. O'Donnell of Herzfeld and Rubin, Miami, amicus curiae for Product Liability Advisory Council, Inc.
David W. Henry of McDonough, O'Neal & O'Dell, Orlando, amicus curiae for Florida Defense Lawyer's Ass'n.
Clifford M. Miller of Clifford M. Miller, Chartered, Vero Beach, amicus curiae for Academy of Florida Trial Lawyers.
OVERTON, Justice.
We have for review Acosta v. Firestone Tire & Rubber Co., 592 So.2d 1102 (Fla. 3d DCA 1991), and Walker v. Miller Electric Manufacturing Co., 591 So.2d 242 (Fla. 4th DCA 1991), in which the Third and Fourth Districts took opposing views of the applicability of the statute of repose set forth in section 95.031(2), Florida Statutes (1975),[1] and repealed by the legislature in *1362 1986. In Acosta, the Third District Court of Appeal held that a cause of action for an injury caused by a manufacturer's product could be maintained even though the repose period had expired for the product while the statute was in effect. On the other hand, the Fourth District Court of Appeal, in Walker, held that the manufacturer's right not to be sued under the statute of repose vested when the time period under the statute had expired for the product in issue prior to the statute's repeal in 1986.
The Walker court certified the following question as being of great public importance:
DID THE REPEALED STATUTE OF REPOSE, SECTION 95.031(2), FLORIDA STATUTES ([1975]), GIVE A MANUFACTURER OR A DELIVERER OF THE COMPLETED PRODUCT A VESTED RIGHT NOT TO BE SUED FOR AN ACCIDENT THAT OCCURRED AFTER THE DATE OF REPEAL?
Walker, 591 So.2d at 246. The Acosta court subsequently acknowledged conflict with Walker and certified the following question as being of great public importance:
DOES THE NOW REPEALED STATUTE OF REPOSE, SECTION 95.031(2), FLORIDA STATUTES (1975), BAR A PLAINTIFF'S CAUSE OF ACTION WHERE THE LAW IN EFFECT AT THE TIME THE DECEDENT'S CAUSE OF ACTION ACCRUED WOULD HAVE PERMITTED HIM TO MAINTAIN A PRODUCTS LIABILITY ACTION IF HE WERE ALIVE[?]
Acosta, 592 So.2d at 1105.[2] For the reasons expressed, we quash the decision of the Third District in Acosta, approve the decision of the Fourth District in Walker, and answer both certified questions in the affirmative.

Acosta
This cause of action began when, in August, 1987, Louis Acosta was killed when a multi-piece rim and wheel assembly exploded, causing part of the assembly to separate and strike him. In December, 1987, Maria Acosta, as personal representative of the estate, filed a wrongful death action against Firestone Tire & Rubber Company (Firestone) and Kelsey-Hayes Company (Kelsey), the manufacturers of the components of the rim assembly.
Firestone and Kelsey moved for a summary judgment, asserting that Acosta's claim was time-barred under the 1975 statute of repose, section 95.031(2), Florida Statutes (1975). In response, Acosta argued that her cause of action could be maintained because the statute of repose in product liability actions had been repealed in 1986.
The parties stipulated to certain facts, which the trial court stated in its findings:
(1) that the latest date of delivery to the initial purchaser was December 31, 1966; (2) that the effective date of Florida's product liability twelve-year statute of repose was January 1, 1975; (3) that the twelve-year statute of repose elapsed on December 31, 1978; (4) that the statute of repose was repealed by the Florida legislature on July 1, 1986; and (5) that the incident which gave rise to this litigation did not occur until August 18, 1987, twenty-one years after the product was delivered to the initial purchaser and seven and one-half years after the twelve-year repose period had expired.
Acosta, 592 So.2d at 1103.
The trial court granted Firestone's and Kelsey's motion for summary judgment, finding that the statute of repose was in effect when the repose period expired and, consequently, Acosta's cause of action was extinguished before it ever accrued. The *1363 trial court also held that, in 1978, when the repose period expired, the defendants had a vested right which prevented this cause of action and that this right could not constitutionally be affected by the subsequent repeal of the statute of repose.
The Third District Court of Appeal reversed. The district court acknowledged that this Court, in Melendez v. Dreis & Krump Manufacturing Co., 515 So.2d 735 (Fla. 1987), held that the legislative amendment abolishing the statute of repose in products liability actions did not apply retrospectively to an action that arose before the effective date of the amendment. However, it concluded that the repealed statute of repose was not applicable under any circumstances after its repeal and that this products liability action could be maintained. The district court reasoned that depriving the appellant of her cause of action in this case would have the effect of applying the repealed statute of repose prospectively. The district court rejected Firestone's contention that the statute conferred on them a vested right and, in so holding, acknowledged that its decision was in conflict with the decision of the Fourth District Court of Appeal in Walker.

Walker
In Walker, a machine that was manufactured by Miller Electric Manufacturing Company (Miller) and delivered by Air Products and Chemicals, Inc., in 1971 accidentally caused the death of Julian Walker in July of 1988. Walker was killed seventeen years after the delivery of the product, five years after the statute of repose period had expired, and two years after the statute of repose had been repealed. The manufacturers moved for a summary judgment on the grounds that the 1975 statute of repose barred the action. The trial court granted the summary judgment and the Fourth District Court of Appeal affirmed. In so holding, the Fourth District adopted the reasoning of the trial court in Acosta. The Fourth District explained that the important point is the fact that the statute of repose period expired while the statute of repose was still in force and effect and constitutional. It noted our decisions that explained that the purpose of the statute of repose is to cut off the right of action after a specified time measured from the delivery of a product or the completion of work, regardless of the time of the accrual of the cause of action or the notice of the invasion of a legal right. See Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978). The district court in Walker concluded that the repeal of the statute of repose could not affect the defendants' vested right not to be sued. The district court explained its holding by analogizing our decision in Walter Denson & Son v. Nelson, 88 So.2d 120 (Fla. 1956); the application of section 11.2425, Florida Statutes (1987); and our answer to the first certified question in Melendez v. Dreis & Krump Manufacturing Co., 515 So.2d 735 (Fla. 1987). The district court also rejected the application of Cathey v. Johns-Manville Sales Corp., 776 F.2d 1565 (6th Cir.1985), cert. denied, 478 U.S. 1021, 106 S.Ct. 3335, 92 L.Ed.2d 740 (1986).
The real issue for our determination is whether the repeal of the statute of repose can have the effect of reestablishing a cause of action that had been previously extinguished by operation of law. We find there is no authority or intent by the legislature to do so. We agree with Walker and approve its reasoning. This holding is consistent with the view and policy that this Court has already established in this difficult and sensitive area.
In Melendez, this Court held that the 1986 amendment to section 95.031(2) that repealed the product liability statute of repose could not be "construed to operate retrospectively as to a cause of action that accrued before the effective date of the amendment." 515 So.2d at 735. In that case, the plaintiff was injured on May 10, 1982, by a machine delivered on October 28, 1963. The statute of repose became effective on January 1, 1975, and lapsed as to the product on October 28, 1975. Melendez filed suit on May 17, 1983, over eight years after the repose period had expired. Melendez, as do Acosta and Walker in the instant cases, argued that the repeal of the statute would apply retrospectively and thus breathe life into his cause of action. We held that absent the legislature's "clear manifestation of retroactive effect, the subsequent *1364 elimination of the statute of repose [could not] save the plaintiff's suit." Id. at 736. We hold that Acosta's cause of action was extinguished on December 31, 1978, and Walker's was extinguished on November 18, 1983, when the statute of repose lapsed as to the products that caused the respective injuries, regardless of the fact that the actions accrued after the statute of repose was repealed. See Bauld v. J.A. Jones Constr. Co., 357 So.2d 401 (Fla. 1978). This holding is consistent with this Court's statement in Walter Denson & Sons v. Nelson, 88 So.2d 120, 122 (Fla. 1956), in which we considered a statute of limitations and stated that "[t]he Legislature has the power to increase a prescribed period of limitation and to make it applicable to existing causes of action provided the change in the law is effective before the cause of action is extinguished by the force of a preexisting statute." (Emphasis added.) Inherent in this reasoning is a party's right to have the statute of limitations period become vested once it has "completely run and barred [the] action." Mazda Motors of America, Inc. v. S.C. Henderson & Sons, Inc., 364 So.2d 107, 108 (Fla. 1st DCA 1978), cert. denied, 378 So.2d 348 (Fla. 1979).
We find that the same principle applies to the repeal of a statute of repose and the rights of these defendants. We believe that the legislature fully understood this principle when it stated, in section 11.2425, Florida Statutes (1987), that "[t]he repeal of any statute by the adoption and enactment of Florida Statutes 1987 ... shall not affect any right accrued before such repeal." (Emphasis added.)
We emphasize that our holding in these cases is controlled by the fact that the statute of repose periods in issue had expired prior to the statute's repeal. We also emphasize that this decision does not affect causes of action brought against manufacturers of products where the statute of repose period had not expired at the time the statute was repealed.
Accordingly, we answer both certified questions in the affirmative, quash the decision of the Third District in Acosta, approve the decision of the Fourth District in Walker, and remand Acosta with directions to affirm the decision of the circuit court.
It is so ordered.
McDONALD, GRIMES and HARDING, JJ., concur.
BARKETT, C.J., dissents with an opinion, in which SHAW and KOGAN, JJ., concur.
BARKETT, Chief Justice, dissenting.
The majority makes a leap in logic that defies common sense and directly contradicts the obvious intent of the legislature, causing grievous hardship to the plaintiffs below in these consolidated cases.
Putting the issue in its simplest terms, the question here is whether the legislature meant what it said in 1986 when it repealed the statute of repose in products liability actions. Certainly it did, for it would be absurd to conclude, as the majority does, that the legislature intended for a repealed statute to apply prospectively to bar causes of action that did not and could not arise until after the repeal.
This common-sense conclusion finds support in the history of the statute. Section 95.031(2) was in full force from the effective date in 1975, see Bauld v. J.A. Jones Construction Co., 357 So.2d 401, 402-03 (Fla. 1978), until 1980 when the Court decided Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla. 1980). Battilla found the repose statute unconstitutional as applied to instances where the cause of action had not accrued until after the 12-year repose period had lapsed.[3] Five years later, the Court held that the statute of repose constitutionally barred a claim filed after the repose period had run its course where, unlike Battilla, the cause of action had accrued before the 12-year repose period had expired. Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985). In so doing, the Court reached out to recede *1365 from the holding in Battilla. Thus, after Pullum, the statute of repose barred any cause of action filed after the 12-year statute had run, irrespective of when the cause of action accrued.
In the very next session of the legislature, lawmakers amended the statute to repeal the statute of repose, thereby abrogating Pullum. See ch. 86-272, Laws of Fla.
I am convinced that by abrogating Pullum, the legislature intended to restore the right to sue to people in the position of Walker and Acosta, whose claims involve injuries that occurred after the repose statute had been repealed. "The Florida Legislature could not have intended for products liability actions to be exempt from the amendment for an indefinite, and conceivably endless, time period." Daniell v. Baker-Roos, Inc., No. 89 Civ 14100, 1990 WL 302693, at [*]3 (S.D.Fla. July 19, 1990).
The majority opinion rests on the erroneous premise that a statute of repose vests in defendants a positive right not to be sued. Statutes of repose and limitations do not confer positive rights; rather, they only relate to remedies by imposing conditions on a plaintiff's positive right to sue. E.g., Bauld; Walter Denson & Son v. Nelson, 88 So.2d 120, 121 (Fla. 1956). The statute of repose here conditioned the right to sue by "cut[ting] off the right of action after a specified time measured from the delivery of a product or the completion of work." Bauld, 357 So.2d at 402. Thus, the only positive statutory rights at issue in these cases are the plaintiffs' rights to sue in tort under products liability laws. The defendants below are not entitled to claim that a repealed statute conferred a vested right not to be sued. As the United States Supreme Court has said, "[n]o person has a vested interest in any rule of law[] entitling him to insist that it shall remain unchanged for his benefit." New York Cent. R.R. v. White, 243 U.S. 188, 198, 37 S.Ct. 247, 250, 61 L.Ed. 667 (1917); see Eddings v. Volkswagenwerk, A.G., 835 F.2d 1369, 1374 (11th Cir.), cert. denied, 488 U.S. 822, 109 S.Ct. 68, 102 L.Ed.2d 44 (1988); see also Acosta v. Firestone Tire & Rubber Co., 592 So.2d 1102 (Fla. 3d DCA 1991).
The majority claims that its decision is consistent with this Court's decision in Melendez v. Dreis & Krump Manufacturing Co., 515 So.2d 735 (Fla. 1987). That is simply wrong. In Melendez, the Court applied rules of statutory interpretation to hold that the legislature's decision in 1986 to repeal the statute of repose was not intended to apply retrospectively to causes of action that accrued before the date of repeal. It necessarily follows that Melendez must be read to hold that the repeal applies prospectively to causes of action that accrued after the date of repeal.
This is precisely the reading of Melendez in Daniell v. Baker-Roos, Inc., No. 89 Civ 14100, 1990 WL 302693 (S.D.Fla. July 19, 1990), where the United States District Court said that Melendez
merely provided a definite date, the effective date of the amendment, to break cleanly with past policy regarding repose in products liability actions. Only this reading gives effect to the plain meaning of the amendment.
Daniell, 1991 WL 302693 at [*]3; see Acosta, 592 So.2d at 1104. The court in Daniell correctly interpreted Florida law by concluding that the repeal of the statute of repose applies to all actions arising after the effective date of the 1986 amendment to section 95.031(2).
The majority's opinion here purportedly relies on Walter Denson & Son v. Nelson, 88 So.2d 120, 121 (Fla. 1956). However, the majority opinion contradicts the actual holding of that case. There, the Court approved the application of an amendment to a statute of limitations that was enacted specifically to expand the period of time in which aggrieved parties could seek remedies.[4] The Court held that because statutes *1366 of limitations (like statutes of repose) relate to remedies and not substantive rights, the legislature is free to expand the period within which one can seek the remedy, and the plaintiff should benefit from that amendment.
The majority, however, overlooks that holding and relies on dicta to conclude that Walker and Acosta have no right to seek remedies for injuries they suffered after the legislature repealed the very statute that had stood in their way. Likewise, the majority relies on dicta in Bauld, where the court held that the statute of repose, and its one-year savings clause, did not violate the right of access to courts. Neither Bauld nor Walter Denson & Son compels the result reached here.
The harsh result produced by the majority negates the legislature's intent and impairs the plaintiffs' rights to access the courts in violation of article I, section 21 of the Florida Constitution. Accordingly, the Court should approve the decision in Acosta and disapprove the decision in Walker.
SHAW and KOGAN, JJ., concur.
NOTES
[1] Section 95.031(2), Florida Statutes (1975), read as follows:

Actions for products liability and fraud under subsection 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in subsection 95.11(3) but in any event within 12 years after the date of delivery of the completed product to its original purchaser or the date of the commission of the alleged fraud, regardless of the date the defect in the product or the fraud was or should have been discovered.
[2] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
[3] The holding in Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla. 1980) is not clear from the facts of the opinion, but can be discerned from its reliance on Overland Construction Co. Inc. v. Sirmons, 369 So.2d 572 (Fla. 1979). See Pullum v. Cincinnati, Inc., 476 So.2d 657, 659 (Fla. 1985).
[4] In Walter Denson & Son v. Nelson, 88 So.2d 120, 121 (Fla. 1956), Nelson was paid a lump sum workers' compensation award on December 17, 1952. The law at the time allowed workers one year from the date of the last payment to petition for modification. Thus, Nelson was entitled to apply for modification until December 17, 1953. On July 1, 1953, before that one-year period elapsed, a new law went into effect allowing workers two years rather than one year to petition for modification. Consequently, on October 6, 1954  after the original one-year period elapsed but within the two-year period as revised by amendment to the statute  Nelson petitioned for modification. The Court held that Nelson should benefit from the 1953 amendment.